Elizabeth NUDO
and
Elliott Lovering, Co-Administrators of Estate of Margaret Pozzuolo, Deceased,
and
Elizabeth Nudo, Administratrix for Estates of Rose Marie Pozzuolo, Deceased,
and
Gene Louise Pozzuolo, Deceased, Minors
v.
SOCIETE ANONYME BELGE D'EXPLOITATION DE LA NAVIGATION AERIENNE SABENA BELGIAN WORLD AIRLINES (a Belgian Corporation).

Civ. A. No. 31022.

United States District Court
E. D. Pennsylvania.
July 2, 1962.

———◇———

Joseph P. Gorham, Philadelphia, Pa., for plaintiff.

Owen B. Rhoads, Dechert, Price & Rhoads, Philadelphia, Pa., for defendant.

GRIM, Senior District Judge.

This action arises out of the deaths of passengers in an airplane crash in Belgium. Defendant has moved to dismiss on the ground that this court has no jurisdiction of the action. The parties agree that since the airplane was on an international flight the question of jurisdiction is governed by Article 28 of the Warsaw Convention, 49 Stat. 3000:

"(1) An action for damages must be brought, at the option of the plaintiff, in the territory of one of the High Contracting Parties, either before the court of the domicile of the carrier or of his principal place of business, or where he has a place of business through which the contract has been made, or before the court at the place of destination.

"(2) Questions of procedure shall be governed by the law of the court to which the case is submitted."

Defendant contends that none of the conditions of Article 28 is met. It is agreed that since the immediate destination of the flight was Brussels and the ultimate destination Munich that condition has not been met. It is agreed that the contract was made in Munich and that the domicile of the defendant carrier is in Belgium, so that neither of these conditions has been met.

Plaintiff contends that this court has jurisdiction on the ground that defendant has a principal place of business in Philadelphia, and indeed it appears that defendant maintains a ticket office here where it does a sizeable amount of business. In support of its contention plaintiff cites Winsor v. United Air Lines, 153 F.Supp. 244 (E.D.N.Y.1957). It may be observed that in the Winsor case the court admits that "the question of jurisdiction under Article 28 of the Warsaw Convention is not free from doubt," p. 247, and cites only one authority: Berner v. United Air Lines, 3 A.D.2d 9, 157 N.Y.S.2d 884 (App.Div. 1st Dept. 1956). The court in the Berner case, however, rested its determination squarely on that condition of Article 28 which applies where the carrier "has a place of business through which the contract has been made."

To me the language of Article 28 is clear when it says that the action must be brought before the court of the domicile of the carrier "or of his principal place of business." Under this language there can be only one principal place of business,[1] and defendant's unrefuted affidavits show that defendant's principal place of business is not in this District, or even in the United States.

I find, therefore, that none of the conditions of Article 28 is met and that this court has no jurisdiction of the action.

## ORDER

AND NOW, July 2, 1962, defendant's motion to dismiss is granted.

[1]. I find this buttressed by the original French text, "du siège principal de son exploitation," which can be translated literally as "of the principal seat of its business." See Article 36 as to the language of the Convention.