Kenneth M. PITMAN and Marilyn S. Pitman, his wife

v.

PAN AMERICAN WORLD AIRWAYS, INC.

Civ. A. No. 33793.

United States District Court
E. D. Pennsylvania.

Nov. 27, 1963.

Milton M. Borowsky, Morris S. Finkel, Freedman, Landy & Lorry, Philadelphia, Pa., for plaintiff.

Owen B. Rhoads, and Arthur E. Newbold, III, Philadelphia, Pa., for defendant.

GRIM, District Judge.

Plaintiffs were passengers in an airplane which left Frankfurt, Germany destined for Idlewild Airport in New York with a scheduled stopover in Amsterdam, Holland. They had purchased their tickets in Frankfurt. At the Amsterdam stopover plaintiffs were injured as a result of alleged negligence of defendant, Pan American World Airways, Inc. The plaintiffs, who are citizens and residents of Arkansas, bring this suit averring diversity jurisdiction. Contending that there is no proper venue in this District because of the provisions of the Warsaw Convention, defendant has filed a motion to dismiss or in the alternative to transfer the action under 28 U.S.C.A. § 1406(a) to the Southern District of New York.

Defendant is incorporated in the state of New York and its principal place of business is there. It is conceded, however, that defendant is doing business in this District and that it has been served properly. The cause of action is based upon personal injuries and the action is transitory. Ordinarily there would be no problem of jurisdiction or venue in this type of case, but there is a problem here because the accident out of which the injuries arose occurred during the course of an international airplane flight. Therefore, the Warsaw Convention, 49 Stat. 3000 (1934) which is a treaty to which the United States is an adhering party, applies and must be considered. Article 28 of the Warsaw Convention provides:

> "(1) An action for damages must be brought, at the option of the plaintiff, in the territory of one of the High Contracting Parties, either before the court of the domicile of the carrier or of his principal place of business, or where he has a place of business through which the contract has been made, or before the court at the place of destination."

None of these four locations are in this District. (1) The domicile, the state of incorporation of the carrier is New York; (2) The principal place of business of the carrier is New York; (3) The tickets were purchased in Frankfurt, Germany and (4) The places of destination were Amsterdam, Holland and New York. Defendant contends that since none of these four locations are in the Eastern District of Pennsylvania, venue in this District is improper and, consequently, the action cannot be litigated here.

Plaintiffs contend that while the Warsaw Convention determines where damage suits resulting from accidents during international airplane flights should be litigated, it refers only to national boundaries and not to places within the boundaries of countries; thus plaintiffs argue that there is nothing in the Warsaw Convention to prevent the litigation of the present case in this District.

With this contention I agree. The Warsaw Convention was drafted in contemplation of adherence by many nations with widely divergent systems of jurisprudence and court structure. While the drafters of Article 28 apparently intended to limit the places where damage suits could be brought, it seems unlikely that they were concerned whether a suit properly brought in the United States was tried in Philadelphia rather than New York.

On this point what little legislative history of Article 28 that exists is helpful. In the original drafts of the Convention, there was a fifth possible forum for suit, namely, the place of the accident.[1] At the Warsaw Conference, a British proposal to eliminate this forum was debated and eventually adopted; in speaking for the proposal the British delegate noted

> " * * * that in the course of long journeys, such as the trip from London to India, you pass through countries where courts are not at all well organized. You will have very great difficulty for example in bringing suit before the courts of Persia or Mesopotamia. The carrier also would have enormous trouble in defending a case which might be brought in these far-off countries, where the courts really are not well organized * * *."[2] (Emphasis supplied)

In speaking against the proposed elimination of the place of the accident as a forum, the Greek delegate said:

> " * * * Against this are raised objections that there are countries where justice is badly organized and the injured person might take advantage of this fact as a sort of blackmail. This is true, but if it is difficult for air navigation enterprises to appear in a far-off country where justice works poorly, the same difficulty confronts the injured person with even greater force * *."[3] (Emphasis supplied)

While these statements were not made in reference to the issue before this court, they do indicate that the delegates, in adopting Article 28, were thinking in terms of countries and not geographical points within national boundaries. This conclusion is reinforced by the very words of the treaty which in Article 28(2) provides:

> "(2) Questions of procedure shall be governed by the law of the court to which the case is submitted."

Article 28 refers to national entities and not to geographical places within the nation.

This construction of the treaty not only is most logical but comports with a sense of fairness to the parties and convenience to the courts, and most important, renders unnecessary any finding of a conflict with congressionally established venue policies for suits brought in United States Courts.

In my opinion, the Warsaw Convention permits the present action to be brought in the United States and under United States law it can be brought in the Eastern District of Pennsylvania. The motion to dismiss and the motion to transfer must be denied.

Defendant contends that this case is controlled by Nudo v. Societe Anonyme Belge D'Exploitation De La Navigation Aerienne Sabena Belgian World Airlines, 207 F.Supp. 191 (E.D.Pa.1962). The Nudo case, however, differs from the present case in that in Nudo none of the above mentioned four conditions of the Warsaw Convention were met in the United States and construing the venue requirements to refer to countries instead of judicial districts could not have brought proper venue to the court where the litigation had been started. The defendant's domicile was Belgium. The principal place of business was Belgium. The places of destination were Brussels, Belgium and Munich, Germany. The ticket had been purchased in Munich although the flight on which the injuries were sustained originated in New York. Because of the Warsaw Convention, the Nudo case could not properly have been brought in the Eastern District of Penn-

1. See Art. 29 of Reporters' Combined Draft quoted in Calkins, Jr., The Cause of Action Under the Warsaw Convention. 26 Journal of Air Law and Commerce 217, 222 (1959).

2. As quoted in Calkins, Jr., The Cause of Action Under the Warsaw Convention, 26 Journal of Air Law and Commerce 217, 229 (1959).

3. Id. at 230.

sylvania and the action had to be dismissed. Likewise it could not properly have been transferred to any other District in the United States. Clearly it is different from the present case.

## ORDER

And now, November 27, 1963, defendant's motion to dismiss and its motion to transfer are denied.