No. 149. MARTIN *v.* TEXAS;

Nos. 345 and 508. McCLELLAND *v.* TEXAS. Ct. Crim. App. Tex. Certiorari denied. MR. JUSTICE DOUGLAS is of the opinion that certiorari should be granted. *Clyde W. Woody* and *Marian S. Rosen* for petitioner in No. 149. *J. Edwin Smith* and *Byron Skelton* for petitioner in Nos. 345 and 508. *Samuel H. Robertson, Jr.,* and *Carl E. F. Dally* for respondent. Reported below: No. 345, 389 S. W. 2d 678; No. 508, 390 S. W. 2d 777.

Memorandum of MR. CHIEF JUSTICE WARREN.

Each of these three cases stems from the following factual setting:

The Grand Jury of Harris County, Texas, was impaneled on May 7, 1962, to investigate irregularities in the administration of the Probate Court. While Grand Jury sessions were proceeding, the District Attorney of the County, in cooperation with the Justice of the Peace, took the virtually unprecedented step of obtaining an order to institute a "Court of Inquiry."

This body, formerly sanctioned by Vernon's Texas Code of Criminal Procedure, Arts. 886, 887, permits a justice of the peace to summon and examine witnesses and take sworn testimony. Those who fail to comply with his summons or refuse to make statements under oath may be fined and imprisoned. From the year of its enactment—1876—to this date, it appears that the procedure had been seldom invoked.

The secret Grand Jury deliberations were postponed while the District Attorney pursued the Court of Inquiry publicly, in front of the press, radio recorders and television cameras. In this inflamed atmosphere, the petitioners were questioned for some four days, although they objected to testifying. They were not permitted to consult with their attorneys during the proceedings, to de-

fend themselves, to cross-examine or confront the witnesses against them, to call witnesses on their behalf, to rebut or to contradict the evidence produced by the prosecution. Two days later, the Grand Jury was reconvened and brought in indictments against the petitioners.

Due to a change of venue and continuances secured by the petitioners, their trials did not take place until more than two years later in a neighboring county. Their pretrial motions to quash the indictments were denied, in two cases without hearings, and they were found guilty of the offenses charged.

The Texas Legislature has since repealed the "Court of Inquiry" proceeding through the adoption of a new Code of Criminal Procedure, Laws 1965, 59th Leg., Reg. Sess., c. 722, to become effective January 1, 1966. Under the new Code, no justice of the peace may convene a Court of Inquiry. Rather, such a court may be conducted only by district judges, and all witnesses are entitled to the same protections as in felony prosecutions. Arts. 52.01–52.06.

It is clear that grave constitutional questions are raised by conducting such a proceeding. See, *e. g., Estes* v. *Texas,* 381 U. S. 532; *Moore* v. *Dempsey,* 261 U. S. 86, 90–91. Against the background of the factors mentioned above, the Court has declined review. Our denial of the petitions for certiorari in these cases should not be taken in any way as sanctioning the proceedings or of approving of the judgments below. It means only that for one reason or another these cases did not commend themselves "to at least four members of the Court as falling within those considerations which should lead this Court to exercise its discretion in reviewing a lower court's decision." Memorandum of Mr. Justice Frankfurter, *Sheppard* v. *Ohio,* 352 U. S. 910, 911; see also, *Maryland* v. *Baltimore Radio Show, Inc.,* 338 U. S. 912.