**William B. BUTZ and Vincent A. Duff**

v.

**BRITISH AIRWAYS t/a BOAC.**

Civ. A. No. 75–3240.

United States District Court,
E. D. Pennsylvania.

Oct. 20, 1976.

Zygmont A. Pines, Raynes, McCarty & Binder, Philadelphia, Pa., for plaintiffs.

H. Wallace Roberts, Krusen, Evans & Byrne, Philadelphia, Pa., Condon & Forsyth, Stephen J. Fearon and Lawrence Mentz, New York City, for defendant.

## MEMORANDUM OF DECISION

McGLYNN, District Judge.

On October 8, 1974, the plaintiffs, Butz and Duff, both citizens and residents of Pennsylvania, were seated side by side as passengers on BOAC Flight BA501 from London, England to New York City, New York.

As the aircraft approached New York and began its descent, both plaintiffs experienced sudden severe pains in their ears. Thereafter, they brought this action alleging serious injuries including hearing loss and nerve damage which they attributed to the aircraft's precipitous descent and the defendant's failure to maintain proper cabin pressure or to provide devices which would prevent auricular damage. Jurisdiction of this court is invoked on the basis of diversity of citizenship. 28 U.S.C. § 1332(a)(2).

Before the court is the defendant's motion to dismiss the complaint as to Duff. Because Duff's ticket was purchased in London[1] for a round trip—London to New York to London—I conclude that the terms of the Warsaw Convention[2] preclude this court from exercising subject matter jurisdiction over Duff's claim. Therefore, the

---

1. As a member of the Board of Directors and Consultant to an English corporation, Duff was required to fly to England every five or six weeks. For reasons of economy and convenience, the tickets were purchased by the corporation in England. This allowed Butz to take advantage of the 45 day excursion special rate, thus permitting him to remain in the United States up to 45 days before using the return portion of the ticket.

2. Official title: Convention for the Unification of Certain Rules Relating to International Transportation by Air, October 29, 1929, 49 Stat. 3000 et seq. T.S. No. 876; 49 U.S.C. § 1502 n.

defendant's motion to dismiss the complaint as to Duff must be granted.[3]

■ In matters governed by the Warsaw Convention, jurisdiction takes on a dual concept. Jurisdiction in the international sense must be established in accordance with Article 28(1) of the Warsaw Convention, and then jurisdiction of a particular court must be established pursuant to the applicable domestic law. *See Smith v. Canadian Pacific Airways, Ltd.*, 452 F.2d 798 (2d Cir. 1971); *Vergara v. Aeroflot "Soviet Airlines"*, 390 F.Supp. 1266 (D.C.Neb.1975); *Fabiano Shoe Company, Inc. v. Alitalia Airlines*, 380 F.Supp. 1400 (D.C.Mass.1974).[4] In *Smith*, the court stated:

"[i]f treaty jurisdiction under the Convention does not lie, federal jurisdiction under 28 U.S.C. § 1331(a), which permits cases arising under United States treaties, clearly cannot be established. Similarly, if the Convention precludes suit, our inquiry ceases without an examination of diversity jurisdiction under 28 U.S.C. § 1332(a)(2); in other words, treaty provisions, being of equal constitutional status, may operate under article VI of the Federal Constitution as limitation on diversity jurisdiction, just as the requirement of jurisdictional amount may so operate." 452 F.2d at 802.

By its own terms, the Warsaw Convention applies:

"to all international transportation of persons, baggage, or goods performed by aircraft for hire." Article 1(1) Warsaw Convention.

International transportation is defined in paragraph (2) of Article 1 as follows:

"any transportation in which, according to the contract made by the parties, the place of departure and the place of destination, whether or not there be a break in the transportation or a transshipment, are situated either within the territories

of two High Contracting Parties, or within the territory of a single High Contracting Party, if there is an agreed stopping place within a territory subject to the sovereignty, suzerainty, mandate or authority of another power, even though that power is not a party to this convention."

■ When the contract of the parties—the ticket that entitles the person to travel on the designated flight—provides for transportation between certain designated termini, the provisions of the Convention apply and exclusively govern the rights and liabilities of the parties. *Molitch v. Irish International Airlines*, 436 F.2d 42 (2d Cir. 1970); *Block v. Compagnie Nationale Air France*, 386 F.2d 323 (5th Cir. 1967), *cert. denied,* 392 U.S. 905, 88 S.Ct. 2053, 20 L.Ed.2d 1363 (1968); *Eck v. United Arab Airlines, Inc.*, 360 F.2d 804 (2d Cir. 1966); *Mertens v. Flying Tiger Line, Inc.*, 341 F.2d 851 (2d Cir.), *cert. denied,* 382 U.S. 816, 86 S.Ct. 38, 15 L.Ed.2d 64, *rehearing denied,* 382 U.S. 933, 86 S.Ct. 307, 15 L.Ed.2d 345 (1965); *Grey v. American Airlines, Inc.*, 95 F.Supp. 756 (S.D.N.Y.1950), *aff'd,* 227 F.2d 282 (2d Cir. 1955), *cert. denied,* 350 U.S. 989, 76 S.Ct. 476, 100 L.Ed. 855 (1956).

■ According to the passenger ticket of the plaintiff Duff, the place of departure as well as the place of destination was London, England with an intermediate stopping place in the United States at New York, New York. Thus, the contract of transportation of the plaintiff Duff comes within the scope of the term international transportation as defined by the Warsaw Convention.

The Warsaw Convention provides four places of jurisdiction over foreign carriers in damage claims: where the carrier has his domicile, where the carrier has his principal place of business, where the carrier has a place of business through which the contract has been made, that is, where the

---

**3.** The jurisdiction of the court as to Butz's claim is not challenged since he purchased a one-way ticket from London to New York.

**4.** *See generally* Note, *Article 28 of the Warsaw Convention: Suggested Analysis,* 50 Minn.L. Rev. 697 (1966).

ticket was purchased, and the place of destination.[5]

In *Smith v. Canadian Pacific Airways, Ltd., supra,* the court held that where none of the places specified in Article 28(1) of the Warsaw Convention is in the United States, the courts of the United States lack subject matter jurisdiction over an action for damages subject to the provisions of the Warsaw Convention. In that case, plaintiff purchased a ticket in Vancouver, Canada for Tokyo, Japan. Action was commenced by the plaintiff against Canadian Pacific Airways in the Southern District of New York for injuries allegedly suffered during the flight from Vancouver, Canada to Tokyo, Japan. The District Court ruled that the limitations imposed by Article 28(1) relate to venue only and that venue was properly established because Canadian Pacific Airways had a place of business within the jurisdiction of that court. The Court of Appeals reversed concluding that the complaint must be dismissed for lack of treaty jurisdiction since none of the places enumerated in Article 28(1) was in the United States.

This brings us to the crucial issue in the case, and that is, whether New York or London was Duff's "place of destination" within the meaning of Article 28(1) of the Warsaw Convention, for if London was his "place of destination", the suit cannot be maintained here.

Duff argues that when he embarked on flight BA501, his destination was New York and, therefore, New York was "the place of destination" within the purview of Article 28(1) even though the contract of carriage contemplated a return trip from New York to London.

Although the authorities which addressed this precise issue are not extensive, both the cases and the commentators are almost unanimous in concluding that the "place of destination" referred to in the Warsaw Convention "in a trip consisting of several parts . . . is the *ultimate destination* that is accorded treaty jurisdiction". *Vergara v. Aeroflot "Soviet Airlines",* 390 F.Supp. at 1269; *accord, Parkinson v. Canadian Pacific Airlines,* 10 Av.Cas. 17,967 (S.D.N.Y.1968); *Burdell v. Canadien Pacific Airways, Ltd.,* 17 Av.Cas. 17,356 (Ill.Cir.Ct. 1969); *Felsenfeld v. Societe Anonyme Belge D'Exploitation de la Navigation Aerienne,* 234 N.Y.S.2d 351 (City Civ.Ct.1962); *Bowen v. Port of N. Y. Authority,* 8 Av.Cas. 18,043 (Sup.Ct.Queen City 1964); *cf.* 1 L. Kriendler, *Aviation Accident Law* § 11.05 n. 25; Lowenfeld and Mendelsohn, *The United States and the Warsaw Convention,* 80 Harv.L.Rev. 497, 523 (1967); Note, *Article 28 of the Warsaw Convention: A Suggested Analysis,* 50 Minn.L.Rev. 697, 702 (1966).

*Aanestad v. Air Canada, Inc.,* 390 F.Supp. 1165 (C.D.Cal.1975) comes to a contrary conclusion. There, the court reasoned that because the flight, class, date and hour of the return was left open, to be taken or not at the option of the passenger before a specified date, there was no contract of carriage for the return flight but only an un-exercised option.

It is of some significance, however, that in *Aanestad* the ticket did not specify the origin and destination whereas in the case *sub judice* the ticket designates London as the point of origin and the destination.

But apart from that distinguishing feature, I cannot agree with the Court's analysis in *Aanestad.* Whether the return portion of the ticket is characterized as an option or a contract, the carrier was legally bound to transport the passenger back to the place of origin within the prescribed time and the passenger for her part agreed to pay the fare and, in fact, did pay the fare. Thus, there was mutuality of obligation and a binding contract of carriage. The fact that the passenger could forego her rights under the contract does not make

---

5. The full text of Article 28(1) reads as follows: "An action for damages must be brought, at the option of the plaintiff, in the territory of one of the High Contracting Parties, either before the court of the domicile of the carrier or of his principal place of business, or where he has a place of business through which the contract has been made, or before the court at the place of destination." 49 Stat. 3020.

it any less a binding contract. Certainly, if the parties did not contemplate the return leg of the journey, the passenger would not have paid for it and the carrier would not have issued a round trip ticket.

It is my conclusion that there is only one place of destination for Warsaw Convention purposes which in this case was London. I cannot accept plaintiff's contention that each place where a particular flight terminated is a "place of destination" since the application of the convention would vary with each segment of the entire journey. This, of course, would defeat a major goal of the High Contracting Parties for there would be no uniformity with respect to a single ticket.

Plaintiff also cites cases for the proposition that Article 28 deals with venue and not subject matter jurisdiction. However, in each of these cases, *Eck v. United Arab Airlines, Inc.*, 360 F.2d 804 (2d Cir. 1966); *Mertens v. Flying Tiger Line, Inc.*, 341 F.2d 851 (2d Cir.), *cert. denied*, 382 U.S. 816, 86 S.Ct. 38, 15 L.Ed.2d 64, *rehearing denied*, 382 U.S. 933, 86 S.Ct. 307, 15 L.Ed.2d 345 (1965); *Pitman v. Pan American World Airways, Inc.*, 223 F.Supp. 887 (E.D.Pa.1963); *Spencer v. Northwest Orient Airlines, Inc.*, 201 F.Supp. 504 (S.D.N.Y.1962); and *Mason v. British Overseas Airways Corp.*, 5 Av. Cas. 17,121 (S.D.N.Y.1956), the question of treaty jurisdiction had been resolved. *Varkonyi v. Varig*, 71 Misc.2d 607, 336 N.Y.S.2d 193 (1972). The United States was one of the four places enumerated in Article 28(1) where an action involving international transportation must be brought. In *Eck*, the passenger ticket was purchased in the United States, the place "through which the contract . . . [was] made." Article 28(1). In *Mertens, Pitman and Spencer*, the airlines' principal place of business and domicile were in the United States. In *Mason*, both the place of purchase of the ticket and the place of destination were in the United States. Thus, treaty or international jurisdiction, as described in *Smith v. Canadian Pacific Airways, Ltd., supra*, was present in *Eck, Mertens, Pitman, Spencer* and *Mason*.

Accordingly, having concluded that the place of destination was London, England, and since the domicile and principal place of business of the defendant British Airways is in London, England, and since the "place of business through which the contract has been made . . . ." was London, England, this court does not have subject matter jurisdiction and the complaint must be dismissed as to the plaintiff Duff.