ALEXANDRA RINCK et al., Appellants, v DEUTSCHE LUFTHANSA A.G., Respondent.

First Department, May 26, 1977

*Abraham A. Salm* for appellants.

*Dennis J. Doody* of counsel *(John J. Martin* with him on the brief; *Bigham Englar Jones & Houston,* attorneys), for respondent.

LUPIANO, J. Plaintiffs purchased air transportation tickets in Nuremberg, Germany for round-trip transportation between Nuremberg and New York, with additional agreed stops on both legs of the journey at Frankfurt, Germany. The tickets listed Nuremberg as the place of both origin and destination. Missing from the ticket was the actual return flight reservation for the reason that the return flight was "open." Plaintiff Alexandra Rinck allegedly sustained personal injuries while disembarking at New York. It is undisputed that this action is governed by the Warsaw Convention which provides, *inter alia,* that an action for damages "must be brought, at the option of the plaintiff, in the territory of one of the High Contracting Parties * * * before the court at the place of destination" (49 US Stat 3000, 3020 [art 28, subd [1]).

The dictionary definition of "destination" is variously set forth as "[t]he place set for the end of the journey"; "the predetermined end of a journey." Plaintiffs in contending that their destination was New York, rely on *Aanestad v Air Canada* (390 F Supp 1165). In *Aanestad* it was noted (p 1168) that the "place of destination" as used in the Warsaw Conven-

tion does not state "final" or "ultimate" destination and that the phrase connotes, under certain circumstances, the place of origin and, in addition, where open fares are involved, the "outward destination." The court concluded that as the return leg of the round-trip air transportation ticket (routing Montreal-Los Angeles-Montreal) was left open, the place of destination within the Warsaw Convention was Los Angeles, because the flight ended when the airplane crashed in Canada while en route from Montreal to Los Angeles.

A journey or trip entails travel from one place to another. The *ultimate* end of plaintiffs' round trip is undoubtedly Nuremberg. Indeed, they *paid* the fare to return them to Nuremberg. In *Butz v British Airways* (421 F Supp 127) the District Court disagreed with the *Aanestad* holding. There, the passenger ticket of the plaintiff designated London as the place of departure as well as destination, with an intermediate stopping place in the United States at New York City. Plaintiff alleged injury sustained as the aircraft descended to land in New York. The critical issue was whether New York or London was plaintiff's "place of destination" within the meaning of subdivision (1) of article 28 of the Warsaw Convention. It was observed that "[a]lthough the authorities which addressed this precise issue are not extensive, both the cases and the commentators are almost unanimous in concluding that the 'place of destination' referred to in the Warsaw Convention 'in a trip consisting of several parts * * * is the *ultimate destination* that is accorded treaty jurisdiction'. *Vergara v. Aeroflot 'Soviet Airlines'* 390 F Supp at 1269; *accord, Parkinson v. Canadian Pacific Airlines,* 10 Av.Cas. 17,967 (S.D.N.Y. 1968); *Burdell v. Canadien Pacific Airways, Ltd.,* 17 Av.Cas. 17,356 (Ill. Cir. Ct. 1969); *Felsenfeld v. Societe Anonyme Belge D'Exploitation de la Navigation Aerienne,* 234 N.Y.S.2d 351 (City Civ. Ct. 1962); *Bowen v. Port of N. Y. Authority,* 8 Av.Cas. 18,043 (Sup. Ct. Queens County 1964); *cf.* 1 L. Kriendler, *Aviation Accident Law* § 11.05 n. 25; Lowenfeld and Mendelsohn, *The United States and the Warsaw Convention,* 80 Harv. L. Rev. 497, 523 (1967); Note, *Article 28 of the Warsaw Convention: A Suggested Analysis,* 50 Minn. L. Rev. 697, 702 (1966) * * * [I]n *Aanestad* the ticket did not specify the origin and destination whereas in the case *sub judice* the ticket designates London as the point of origin and the destination. But apart from that distinguishing feature, I cannot agree with the Court's analysis in *Aanestad.* Whether the return portion of the ticket is characterized as an option or a

contract, the carrier was legally bound to transport the passenger back to the place of origin within the prescribed time and the passenger for her part agreed to pay the fare and, in fact, did pay the fare. Thus, there was mutuality of obligation and a binding contract of carriage. The fact that the passenger could forego her rights under the contract does not make it any less a binding contract. Certainly, if the parties did not contemplate the return leg of the journey, the passenger would not have paid for it and the carrier would not have issued a round trip ticket. It is my conclusion that there is only one place of destination for Warsaw Convention purposes which in this case was London. I cannot accept plaintiff's contention that each place where a particular flight terminated is a 'place of destination' since the application of the convention would vary with each segment of the entire journey. This, of course, would defeat a major goal of the High Contracting Parties for there would be no uniformity with respect to a single ticket" *(Butz v British Airways,* 421 F Supp 127, 130-131).

As noted in *Galli v Re-Al Brazilian Int. Airlines* (29 Misc 2d 499, 501) (which case is cited with approval in Lowenfeld and Mendelsohn, The United States and the Warsaw Convention, 80 Harv L Rev 497, 523): "Plaintiff's rights under the Warsaw Convention are determined not by the flight which makes up part of the trip, but by the entire contract of carriage. *(Wyman v. Pan Amer. Airways* [181 Misc 963, affd 267 App Div 947, affd 293 NY 878, cert den 324 US 882].) Nor is this rule vitiated in any way by the fact that plaintiff did not intend to return to Brazil and had purchased a round-trip ticket merely to satisfy American immigration rules" (see *Garcia v Pan Amer. Airways,* 269 App Div 287, affd 295 NY 852, cert den 329 US 741).

The views expressed in *Butz (supra)* and *Galli (supra)* effectuate the sense and purpose of the convention by preventing a passenger from profiting by resort to the simple expedient of leaving "open" the return passage, and comport with common sense. On this record, the critical issue as to the "place of destination" within the meaning of subdivision (1) of article 28 of the Warsaw Convention must be resolved in favor of Nuremberg, Germany. Relevant to the dissent, it may be noted that in his peregrinations, Ulysses was not governed by the Warsaw Convention, nor was he bound by the strictures and refinements of the law of contracts.

The order of the Supreme Court, New York County (ASCH, J.), entered November 8, 1976, granting defendant's motion for summary judgment dismissing the complaint on the ground of lack of subject matter jurisdiction, should be affirmed, with costs and disbursements.

SILVERMAN, J. (dissenting) I would reverse the order appealed from and deny the motion for judgment dismissing the complaint for lack of subject matter jurisdiction.

Plaintiffs purchased tickets in Nuremberg for round-trip transportation from Nuremberg to New York. Plaintiff Alexandra Rinck was injured while disembarking in New York. The case is governed by the Warsaw Convention with respect to international air travel which provides that one of the places at which suit can be brought is "before the court at the place of destination" (art 28, subd [1]). Because plaintiffs bought a round-trip ticket, it is the contention of defendant, with which the majority agrees, that here the place of destination was the same as the place the journey began. I cannot agree. We are dealing here with a provision governing places where suit may be brought for accidents arising in international travel. It seems to me that when the drafters designated the "place of destination" in international air travel, they meant a place different from the starting point. In the ordinary meaning, the place of destination is the place where the traveler is going to. Plaintiff did not board a plane in Nuremberg in order to go to Nuremberg. She was going to New York and that was her place of destination. I do not think this should be affected by the fact that she bought a round-trip ticket. In modern air travel, particularly international travel, the purchase of a round-trip ticket rather than a one-way ticket is merely a matter of convenience. At most, it merely confirms that the traveler, like most modern international travelers, intends to return home after the journey is over. Even Ulysses, that most widely traveled of ancient heroes, was also most intent upon returning home. Doubtless when he embarked from his home in Ithaca he always intended to return there once he had attended to his business in Troy. But the fact that one intends to return home does not mean that that is where one is going when one sets out on a voyage.

EVANS and MARKEWICH, JJ., concur with LUPIANO, J. P.; SILVERMAN, J., dissents in an opinion.

Order, Supreme Court, New York County, entered on November 8, 1976, affirmed. Respondent shall recover of appellants $60 costs and disbursements of this appeal.