**Grant JONES, Relator,**

v.

**The Honorable Mike WESTERGREN, Judge of the 214th Judicial Court of Nueces County, Texas, Respondent.**

No. 13–88–306–CV.

Court of Appeals of Texas, Corpus Christi.

May 18, 1989.

Rudolph G. Garza, Jr., Garza & Garza, Corpus Christi, for relator.

David R. Bires, Houston, for respondent.

Before JACKSON B. SMITH, Jr., TOM F. COLEMAN, Sr. and ROBERT R. MURRAY, JJ.*

* Assigned to this case by the Chief Justice of the Supreme Court of Texas pursuant to Tex.Gov't

## OPINION

JACKSON B. SMITH, Jr., Justice, Retired.

In this original proceeding, the relator, Grant Jones, the District Attorney for Nueces County, seeks a writ of mandamus to compel the Honorable Mike Westergren, a District Judge in Nueces County, to vacate his order convening a Court of Inquiry pursuant to Tex.Code Crim.Proc. 52.01.

Relator asserts nine bases for relief that may be grouped as follows: (1) Art. 52.01 is unconstitutional on its face; (2) the court made procedural errors resulting in noncompliance with the provisions of Art. 52.01; (3) the trial judge is constitutionally disqualified to preside at the proceeding; and (4) that application of Art. 52.01 violates the relator's "due process" rights. Respondent asserts that this court lacks jurisdiction to determine this cause.

The facts of the case are relatively simple. On May 24, 1988, Judge Westergren signed an order convening a Court of Inquiry to commence a hearing on June 1, 1988, to investigate alleged illegal conduct of relator. On May 25th, subpoenas were served on relator and other named people in the District Attorney's Office. On May 27, 1988, Judge Westergren stayed his June 1st hearing, apparently based on an order of Judge Manuel Banales, Judge of the 105th District Court of Nueces County. The record before us contains nothing concerning the hearing before Judge Banales, but Judge Westergren's order of May 17th refers to the hearing as "partially addressed by motion to recuse." The record before this court does not reveal what disposition was made of the motion to recuse before Judge Banales.

By letter dated July 19, 1988, Judge Westergren notified relator that he had "Lifted" his stay order of May 17th and ordered that the Court of Inquiry commence on August 29, 1988. On July 26, 1988, pursuant to relator's motion for leave to file a writ of mandamus and request for

Code Ann. § 74.003 (Vernon 1988).

a temporary stay, this court granted leave to file the writ, and ordered a temporary stay of the Court of Inquiry proceedings.

We first address the respondent's assertion that this court does not have jurisdiction to consider relator's petition because it is based on speculative, hypothetical, or contingent situations. He alleges that the suit is "premature" and "not yet ripe" for purposes of adjudication by the courts.

Our review of the record shows that at the present time, a Court of Inquiry has been ordered by the respondent, subpoenas have been issued, and no evidence has been presented.

█ The abstract and hypothetical factual and procedural situations that the relator has suggested may arise do not raise "due process" or other constitutional issues at this time. A court has no jurisdiction to render an opinion on a controversy that is not yet ripe. *City of Garland v. Louton,* 691 S.W.2d 603, 605 (Tex.1985).

To the extent that relator's petition seeks mandamus relief based upon facts that have not yet occurred and are merely hypothetical, we agree with respondent that this court does not have jurisdiction to render advisory opinions on factual situations that may or may not arise in the future. If the hypothetical facts suggested by relator in his brief should come to fruition, he has an adequate remedy at law by writ of habeas corpus.

Relator asserts that respondent made procedural errors in the calling of the Court of Inquiry that void the order convening the Court of Inquiry, entitling relator to a writ of mandamus. He contends that respondent failed to comply with the provisions of Article 52, Tex.Code Crim.P. in the following respects: (1) respondent's affidavit failed to state good cause to invoke respondent's authority to hold a Court of Inquiry; (2) respondent is interested in the outcome of the proceeding and is disqualified; (3) respondent is disqualified because he is relator's accuser, has been of counsel in the case, and may not be cross-examined because he is the judge in the case; and (4) the court's order is invalid because it fails to give adequate notice of the scope of the inquiry.

A Court of Inquiry by a district judge is authorized by chapter 52 of the Texas Code of Criminal Procedure. The relevant parts of chapter 52 to this case are:

Art. 52.01

(a) When a judge of any district court of this state, acting in his capacity as magistrate has good cause to believe that an offense has been committed against the laws of this state, he may summon and examine any witness in relation thereto in accordance with the rules hereinafter provided, which procedure is defined as a "Court of Inquiry."

(b) Before calling a Court of Inquiry, a judge must:

(1) enter into the minutes of his court a sworn affidavit stating the good cause establishing his belief that an offense has been committed against the laws of this state; and

(2) no later than 10 days prior to the commencement of the Court of Inquiry, file with the district clerk a copy of the sworn affidavit and a written order calling the Court of Inquiry and stating its scope.

(c) The district or county attorney of the district or county in which the Court of Inquiry is held shall assist the district judge in conducting the Court of Inquiry. The attorney shall examine witnesses and evidence admitted before the court to determine if an offense has been committed and shall render other assistance to the judge as is necessary in the proceeding.

(d) If the Court of Inquiry pertains to the activities of the district or county attorney or to the attorney's office, deputies, or employees, or if the attorney is otherwise disqualified in the proceeding, the judge shall appoint one attorney pro tem to assist in the proceeding. In any other circumstance, the judge may appoint an attorney pro tem to assist in the proceeding.

Art. 52.02

At the hearing at a Court of Inquiry, evidence may be taken orally or by deposition, or, in the discretion of the judge, by affidavit. If affidavits are admitted, any witness against whom they may bear has the right to propound written interrogatories to the affiants or to file answering affidavits. The judge in hearing such evidence, at his discretion, may conclude not to sustain objections to all or to any portion of the evidence taken nor exclude same; but any of the witnesses or attorneys engaged in taking the testimony may have any objections they make recorded with the testimony and reserved for the action of any court in which such evidence is thereafter sought to be admitted, but such court is not confined to objections made at the taking of the testimony of the Court of Inquiry. Without restricting the foregoing, the judge may allow the introduction of any documentary or real evidence which he deems reliable, and the testimony adduced before any grand jury.

Art. 52.03

The judge or his clerk has power to issue subpoenas which may be served within the same territorial limits as subpoenas issued in felony prosecutions or to summon witnesses before grand juries in this state.

Art. 52.04

All witnesses testifying in any Court of Inquiry have the same rights as to testifying as do defendants in felony prosecutions in this state. Before any witness is sworn to testify in any Court of Inquiry, he shall be instructed by the judge that he is entitled to counsel; that he cannot be forced to testify against himself; and that such testimony may be taken down and used against him in a later trial or trials ensuing from the instant Court of Inquiry. Any witness or his counsel has the right to fully cross-examine any of the witnesses whose testimony bears in any manner against him.

Art. 52.05

A person may be compelled to give testimony or produce evidence when legally called upon to do so at any Court of Inquiry; however, if any person refuses or declines to testify or produce evidence on the ground that it may incriminate him under laws of this state, then the judge may, in his discretion, compel such person to testify or produce evidence but the person shall not be prosecuted or subjected to any penalty or forfeiture for, on or account of, any transaction, matter or thing concerning which he may be compelled to testify or produce evidence at such Court of Inquiry.

Art. 52.06

Contempt of court in a Court of Inquiry may be punished by a fine not exceeding One Hundred Dollars ($100.00) and any witness refusing to testify may be attached and imprisoned until he does testify.

Art. 52.07

All evidence taken at a Court of Inquiry shall be transcribed by the court reporter and all proceedings shall be open to the public.

Art. 52.08

If it appear from a Court of Inquiry or any testimony adduced therein, that an offense has been committed, the Judge shall issue a warrant for the arrest of the offender as if complaint had been made and filed.

The respondent's affidavit states as follows:

STATE OF TEXAS
COUNTY OF NUECES

### AFFIDAVIT

I, Mike Westergren, Judge, 214th District Court of Nueces County, Texas, have good cause to believe that District Attorney Grant Jones and other members of his staff acting under color of law and his office have intentionally denied and impeded one Bill Jensen and others in the exercise and enjoyment of the right of free speech to criticize in any manner however founded or unfounded, the operation of the

office of the District Attorney including, but not limited to the dissemination of information some of which is undeniably public record concerning the wisdom or lack of wisdom in the hiring and continued employment of certain employees, and all other matters arising out of said transaction concerning the use of the District Attorney's official powers for his own self-protection and private purposes not contemplated or authorized by law. Specifically it is my belief that Grant Jones, District Attorney, has engaged in conduct constituting the offense of Official Oppression defined by Sec. 39.-02, Texas Penal Code.

My belief is based upon information which I have received as well as my own review of the pleadings filed in Cause No. 88–CR–420–D, the State of Texas v. Bill Jensen.

■ Relator asserts that respondent initially erred procedurally by failing to state a good cause to convene the Court of Inquiry as required by article 52.01(b)(1). Specifically he contends that by failing to comply with this section of article 52, respondent failed to invoke the authority of his court, and his order convening the Court of Inquiry is void.

The full context of respondent's affidavit is set out above and in essence states that the respondent has good cause to believe that the relator and other members of his staff acting under color of law have intentionally denied ... the right of free speech to criticize in any manner the operation of the office of the District Attorney including, but not limited to, the dissemination of information ... of public record concerning ... employment of certain employees and all other matters arising out of ... the use of the District Attorney's official powers for his own self protection and private purposes ... constituting the offense of Official Oppression defined by section 39.02 of the Texas Penal Code.

The cases cited by relator and respondent generally discuss the requisites for good cause in affidavits made the basis for warrants. However, neither party has cited us to any case that supports the contention that the requisites of an affidavit setting forth good cause under article 52 are as stringent as the requirements to show good cause on a complaint or on an affidavit to obtain a search warrant.

The purpose of a Court of Inquiry, as its title indicates, is *to inquire* and to ascertain if illegal activity has occurred or is occurring. It is merely an investigative procedure to inquire into alleged illegal activity. Article 52 does not require that the affiant state with certainty that good cause exists but requires an affidavit "stating a good cause *establishing his belief.*" (Emphasis added.) It appears that the legislative intent, in using the phrase "establishing his belief" as a modifier to the phrase "good cause," was to require a less stringent requirement to establish good cause in an affidavit used as a basis to convene a Court of Inquiry. The rationale appears to be that the court has sufficient facts before it to have good cause to convene a hearing to inquire whether there is or is not illegal activity that has occurred or is occurring. We conclude that respondent's order is not void for failure of the affidavit to state a good cause as required by article 52.-01(b)(1).

We also note that relator has not cited any cases that hold such an error would be jurisdictional.

■ The relator next contends, in several points of error, that the respondent is disqualified because he (1) is interested in the outcome of the Court of Inquiry; (2) has been of counsel in the case; and (3) is the accuser in this case, and relator cannot cross-examine him.

Article 5, section 11 of the Texas Constitution states that no judge shall sit in any case where he may be interested, and Rule 18a, Tex.R.Civ.P. states as follows:

At least 10 days before the date set for trial or other hearing in any court other than the Supreme Court, the Court of Criminal Appeals, or the Court of Appeals, any party may file with the clerk of the court a motion stating grounds why the judge before whom the case is pending should not sit in the case. The

grounds may include any disability of the judge to sit in the case. The motion shall be verified and must state with particularity the grounds why the judge before whom the case is pending should not sit. The motion shall be made on personal knowledge and shall set forth such facts that would be admissible in evidence provided that facts may be stated upon information and belief if the grounds of such belief are specifically stated.

As heretofore noted, apparently some hearing was held before Judge Banales of the 105th District Court of Nueces County, pertaining to a motion to recuse. Because we do not have the record of that hearing, we do not know what allegations were made in the motion, and we do not know what disposition, if any, was made of the motion.

Each of the relator's contentions made in the instant suit that the respondent is disqualified or should be recused may have been heard in the hearing before Judge Banales. Rule 18a(f) provides a method of appeal where a motion to recuse is denied.

In the instant case, if the relator made all the allegations in the hearing before Judge Banales that he made in this case, and if his motion was denied, he had the right of appeal. In the event Judge Banales made no disposition of the relator's motion or in the event the allegations made by relator in the instant case were not made in the motion before Judge Banales, Rule 18a provides an adequate remedy at law for the relator.

A writ of mandamus will issue only to correct a clear abuse of discretion or violation of a duty imposed by law when there is no adequate remedy at law. *Strake v. Court of Appeals*, 704 S.W.2d 746, 747 (Tex.1986); *State ex rel. Jerry Cobb v. Godfrey*, 739 S.W.2d 47, 47 (Tex.Crim.App. 1987). Because relator has an adequate remedy at law determining the issues of disqualification and recusal, a writ of mandamus is not the proper procedure to determine these issues.

■ The relator also contends that the respondent's order is invalid because it fails to give adequate notice of the scope of the inquiry to be made.

Relator does not contend that he has not received the 10–day statutory notice required by article 52.01(b)(2), but contends that the content of the respondent's affidavit is insufficient to give him adequate notice to defend himself as required by article 1, section 10 of the Texas Constitution. Section 10 provides that an accused shall have the "right to demand the nature and cause of the accusation against him, and to have a copy thereof."

Respondent's affidavit names one individual whose rights have been affected, it states what rights have been affected; it states in what case the alleged events have occurred; and it states what criminal statute has been violated. It does not state what the specific facts are, and, other than the relator, it does not specify the names of the parties referred to in the affidavit.

Neither article 1, section 10 of the Texas Constitution, nor article 52.01(b)(2), Tex. Code Crim.P. set forth the extent to which an affidavit must state specific facts to give adequate notice to persons subpoenaed to testify at a Court of Inquiry. We can find no cases on point, so we look to other case law for guidance.

It is well established in Texas that in felony prosecutions, an indictment must specifically state the facts upon which the State relies so as to give the defendant adequate notice of the crime he allegedly committed. However, it appears to be equally well established that the requisites of a complaint or affidavit to support a prosecution under an information are not as stringent as the requirements for a complaint for a search or arrest warrant. *Wells v. State*, 516 S.W.2d 663 (Tex.Crim. App.1975); *Gholson v. State*, 667 S.W.2d 168, 177 (Tex.App.—Houston [14th Dist.] 1983, pet. ref'd).

If the requirements of the affidavits were less stringent, as in *Wells* and *Gholson*, where charges had been made and the defendants had been placed under arrest, it would seem less likely in an investigative procedure as here, where no charges have been filed and no arrest has been made,

that the more stringent requirements of an affidavit for an arrest or search warrant would be required.

Under federal law, where subpoenas have been issued by an administrative agency and notice requirements have been attacked, the United States Supreme Court has held that the due process clause of the Fifth Amendment is not implicated because an administrative investigation adjudicates no legal rights. Likewise, the Court held that the confrontation clause of the Sixth Amendment is not offended because criminal proceedings have not been initiated. *S.E.C. v. Jerry T. O'Brien, Inc.*, 467 U.S. 735, 104 S.Ct. 2720, 81 L.Ed.2d 615 (1984).

As in *O'Brien*, the present case is an investigative matter, and no criminal proceedings have been initiated. Similarly, as in *Wells* and *Gholson*, it would seem that less stringent requirements for an affidavit would be necessary. This is especially so where the procedure is only investigative in nature, and criminal charges may or may not result. We conclude that the respondent's affidavit provides the relator with sufficient notice to apprise him of the scope of the inquiry to be made in the Court of Inquiry ordered by the respondent.

■ Finally, we disagree with relator that article 52 is unconstitutional on its face and deprives him of his due process rights. A statute may be consistent with due process but by its application, or use, or by construction, be applied in a manner that would deny due process. *Smith v. State*, 311 U.S. 128, 61 S.Ct. 164, 85 L.Ed. 84 (1940).

Although the Supreme Court of the United States in its memorandum opinion in *Martin v. State*, 382 U.S. 928, 86 S.Ct. 307, 15 L.Ed.2d 340 (1965), noted that the present Texas Court of Inquiry statute has "grave constitutional questions by conducting such proceedings," we are of the opinion that the constitutional questions alluded to by that court will only arise if in the statute's usage and construction, constitutional rights during the proceedings are not afforded to the parties involved. At the present time, the Court of Inquiry has not yet convened and the proceedings have not commenced. Although it may prove difficult under article 52 to provide constitutional safeguards, we will not presume that the respondent will deny the relator his due process constitutional rights when the Court of Inquiry is held. Because the relator has not shown that the respondent has clearly abused his discretion or violated a duty imposed upon him by the law, and because the relator has an adequate remedy at law, we hold that the relator is not entitled to the relief he has prayed for.

This Court's order staying the Court of Inquiry hearing is hereby set aside, and the relator's petition for mandamus is overruled.