

# NUMBER 13-20-00422-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE FREDERICK R. SHERRON, D.O.

## On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Perkes
Memorandum Opinion by Chief Justice Contreras[1]**

Relator Frederick R. Sherron, D.O. filed a petition for writ of mandamus. Dr. Sherron seeks to vacate and set aside the trial court's order compelling him to produce an expert report if he designates himself as an expert witness in the health-care liability suit brought by real party in interest Gary Loveday. *See* TEX. R. CIV. P. 194.2(f)(4). We deny without prejudice the petition for writ of mandamus.

Loveday and Sherron entered a docket control order, which provided: "The parties

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case," but when "denying relief, the court may hand down an opinion but is not required to do so."); *see also id*. R. 47.4 (distinguishing opinions and memorandum opinions).

do not agree on whether 'retained testifying expert witness' requires defendant Dr. Sherron to write a report. Consequently, [Loveday] conditionally agrees to this docket control order, with the reservation that [Loveday] may file a motion requesting a ruling by the Court not later than **August 31, 2020**." Loveday subsequently filed a motion to compel Sherron to produce a report "should he be designated as [an expert witness] under [Texas Rule of Civil Procedure] 194.2(f) . . . ." The trial court granted Loveday's motion.

To obtain relief by writ of mandamus, a relator must establish that the trial court committed a clear abuse of discretion and that there is no adequate remedy by appeal. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). The relator bears the burden to properly request and show entitlement to mandamus relief. *See Walker*, 827 S.W.2d at 837; *see In re Carrington*, 438 S.W.3d 867, 868 (Tex. App.—Amarillo 2014, orig. proceeding); *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding).

Sherron asks this court to conclude that it would be erroneous for the trial court to order him to produce a report in the event he chooses to designate himself as a testifying expert. *See* TEX. R. CIV. P. 194.2(f)(4). However, Sherron has not been designated as an expert, and a court should avoid a premature adjudication of an issue. *In re Rodriguez*, 409 S.W.3d 178, 180–81 (Tex. App.—Beaumont 2013, orig. proceeding); *see Robinson v. Parker*, 353 S.W.3d 753, 756 (Tex. 2011) (noting that courts should avoid "advising what the law would be on a hypothetical set of facts"); *see also McAllen Med Ctr., Inc. v.*

2

*Cortez*, 66 S.W.3d 227, 232 (Tex. 2001) ("Texas courts have no authority to render advisory opinions.").

Because Sherron's complaint is based on remote hypothetical possibility contingent on events that have not yet occurred, his petition is premature. *See Robinson*, 353 S.W.3d at 756; *In re Ford Motor Co.*, 124 S.W.3d 147, 147 (Tex. 2003) (orig. proceeding) (per curiam); *In re Kuster*, 363 S.W.3d 287, 290 (Tex. App.—Amarillo 2012, orig. proceeding); *Jones v. Westergren*, 771 S.W.2d 669, 671 (Tex. App.—Corpus Christi–Edinburg 1989, orig. proceeding); *see also City of Garland v. Louton*, 691 S.W.2d 603, 605 (Tex. 1985) ("A court has no jurisdiction to render an opinion on a controversy that is not yet ripe."); *In re State*, No. 13-10-00264-CV, 2010 WL 2011521, at *4-5 (Tex. App.—Corpus Christi–Edinburg May 17, 2010, orig. proceeding) (mem. op.). Therefore, we deny the petition without prejudice.

DORI CONTRERAS
Chief Justice

Delivered and filed the
10th day of December, 2020.

3