Harold Tessler, J.
Motion by defendant, pursuant to rule 107 of the Buies of Civil Practice, for judgment dismissing the amended complaint upon the ground that the court does not have jurisdiction of the subject of the action.
The action is brought to recover for personal injuries allegedly sustained by the plaintiff when one of defendant’s aircraft, upon which plaintiff was traveling, was forced to make an emergency landing in the Atlantic Ocean off the coast of Brazil on November 2,1957. The plane was being operated by defendant on a flight from Sao Paulo, Brazil, to Miami, Florida.
The basis of defendant’s motion is that under the Warsaw Convention, which governs this action, plaintiff may not sue in New York. Plaintiff does not dispute the fact that this action is governed by the Warsaw Convention, but argues that said Convention authorizes the bringing of the action in New York.
Article 28 of the Warsaw Convention (49 U. S. Stat. 3000, 3020) provides: “ (1) An action for damages must be brought, at the option of the plaintiff, in the territory of one of the High Contracting Parties, either before the court of the domicile of the carrier or of his principal place of business, or where he has a place of business through which the contract has been made, or before the court at the place of destination.”
Defendant’s domicile and principal place of business are Sao Paulo, Brazil. The contract of transportation was likewise made in Sao Paulo. Plaintiff may sue in New York, therefore, only if New York was the place of destination.
According to the contract of transportation, plaintiff’s destination was Sao Paulo. The complete routing is listed as from Sao Paulo to Miami to New York City to Miami to Sao Paulo. The place of destination, within the meaning of the Warsaw Convention, is determined by the terms of the contract of carriage between the parties. (Warsaw Convention, art. 1, § [2]; Grein v. Imperial Airways [1937], 1 K. B. 50; Garcia v. Pan Amer. Airways, 269 App. Div. 287, affd. 295 N. Y. 852, cert, denied 329 U. S. 741; Wyman v. Pan Amer. Airways, 181 Misc. 963, affd. 267 App. Div. 947, affd. 293 N. Y. 878, cert, denied 324 U. S. 882; Grey v. American Airlines, 227 F. 2d 282, 284.)
*501 Plaintiff argues, however, that the destination of this particular flight was New York. Plaintiff’s rights under the Warsaw Convention are determined not by the flight which makes up part of the trip, but by the entire contract of carriage. (Wyman v. Pan Amer. Airways, supra.) Nor is this rule vitiated in any way by the fact that plaintiff did not intend to return to Brazil and had purchased a round-trip ticket merely to satisfy American immigration rules. His undisclosed intentions and his motives, therefore, do not modify the contract of carriage. Whatever the reason for designating Sao Paulo as the point of destination, it was so designated.
It follows that plaintiff may bring this action only in Brazil and the courts of this State are without jurisdiction. The motion for judgment dismissing the complaint is granted.