Ray D. SPENCER, Plaintiff,

v.

NORTHWEST ORIENT AIRLINES,
INC., Defendant.

United States District Court
S. D. New York.
Jan. 9, 1962.

Fuchsberg & Fuchsberg, New York City, for plaintiff; Mordecai Bressler, New York City, of counsel.

Bigham, Englar, Jones & Houston, New York City, for defendant; Peter J. Magee, New York City, of counsel.

FREDERICK van PELT BRYAN, District Judge.

Defendant moves (1) pursuant to Rule 12(b), F.R.Civ.P., 28 U.S.C.A., to dismiss the action on the ground that this court lacks jurisdiction of the subject matter under Article 28(1) of the Warsaw Con-

vention (49 Statutes at Large, Part 2, pp. 3000, 3020), or (2) pursuant to 28 U.S.C. § 1406(a) to transfer the action to the District Court of Minnesota, Third Division, on the ground that venue is improper under Article 28(1), and (3) to vacate a notice to take the deposition of defendant's president in this district.

Plaintiff is a resident of the Crown Colony of Hongkong, and a citizen of the United States. Defendant is a Minnesota corporation with its principal office and place of business in St. Paul,[1] and also has substantial operations in this district.

■■■ Plaintiff was a passenger on a DC–7C aircraft owned and operated by defendant which came down in the Pacific near Polillo Island, the Philippines, on July 14, 1960. He sues for personal injuries and loss of personal effects allegedly suffered in that accident, seeking damages in the sum of $252,426.55. On April 13, 1960 he purchased a ticket from Cathay Pacific Airways, Ltd. at Kowloon, Hongkong, for a flight via various airlines from Hongkong to Osaka, Osaka to Tokyo, Tokyo to Seoul, Seoul to Tokyo, Tokyo to Okinawa, Okinawa to Manila and Manila back to Hongkong. The accident out of which the action arose occurred on the leg of the flight from Okinawa to Manila via defendant's airline. It is agreed that the Warsaw Convention applies.

The Warsaw Convention regulating the conditions of international air transportation was signed by representatives of twenty-three nations at Warsaw, Poland, on October 12, 1929. Adherence was advised by the United States Senate on June 15, 1934 and was proclaimed by the President on October 29, 1934.

Defendant's motion to dismiss, or in the alternative, for change of venue, is based on Article 28(1) of the Convention which provides:

An action for damages must be brought, at the option of the plaintiff, in the territory of one of the High Contracting Parties, either before the court of the domicile of the carrier or of his principal place of business, or where he has a place of business through which the contract has been made, or before the court at the place of destination.

The defendant has raised no question as to the in personam jurisdiction of this court and has filed an answer to the complaint. However, it says that since it is domiciled and has its principal place of business in Minnesota, and Hongkong was the destination of the flight and the place where the contract of carriage was made, the United States District Court for the Southern District of New York is not one of the courts before which this action for damages may be brought against the defendant carrier under Article 28 of the Convention. It therefore concludes that this court is without jurisdiction over the subject matter and that the action must be dismissed on that ground.

Plaintiff, on the other hand, apart from urging that the defendant's principal place of business is, in fact, New York, maintains that Article 28 of the Convention deals only with venue and that the defendant has waived any objections it may have had to the venue of the action.

This action by an American citizen against an American carrier sounds in negligence. This court has in personam jurisdiction over the parties. Plaintiff bases subject matter jurisdiction on diversity of citizenship. Such jurisdiction is expressly conferred on this court by 28 U.S.C. § 1332.[2] The question present-

1. The correct name of defendant is Northwest Airlines, Inc., though it is sued as Northwest Orient Airlines, Inc.

2. An action on a maritime tort may be brought on the civil side of the federal court where there is diversity jurisdiction under the "saving to suitors" clause of 28 U.S.C. § 1333. Allen v. Matson Navigation Co., 255 F.2d 273 (9 Cir. 1958); Gilmore & Black, The Law of Admiralty, pp. 33–6; Evans v. American Export Lines, 175 F.Supp. 386, (S.D. N.Y.1959).

ed on defendant's motion to dismiss is whether the subject matter jurisdiction so conferred was withdrawn from this court by the adherence of the United States to the Warsaw Convention.

49 United States Statutes At Large, Part 2, covering the 74th Congress and "Edited, printed and published by authority of Congress under the direction of the Secretary of State," sets forth the provisions of the Convention. (pp. 3000–3026.) The marginal description of the subject matter of Article 28(1) is "Venue of Action." (p. 3020.) There is, however, no evidence in the Congressional Record that the Senate in advising adherence considered the question as to the meaning of that provision raised by the defendant here. Nor is there any evidence that, by advising adherence, the Senate had any intention of circumscribing the jurisdiction of the federal courts.

Nothing said on the floor of the Conference which drafted the Convention indicates that its drafters intended such a result. See 26 Journal of Air Law and Commerce 217. While Article 32 of the Convention speaks of "the jurisdictions referred to in the first paragraph of article 28" and forbids "altering the rules as to jurisdiction" by contract or special agreement, this is not determinative of the question presented here. For the use of the term "jurisdiction" in an international convention drawn by representatives of nations with widely divergent systems of jurisprudence can scarcely be construed to refer to the concept of subject matter jurisdiction as used in the federal judicial system of the United States.

Much of the case law on the subject is confused and not well-reasoned. As so frequently happens, the term "jurisdiction" has been loosely used in many cases and there appears to be no consistent or logical pattern of decisional law.

An exception is the memorandum decision of Judge McGohey in Mason v. British Overseas Airways, D.C.S.D.N.Y., Civil 109–372, November 15, 1956 (not reported). There it was squarely held that Article 28 of the Warsaw Convention did not affect the jurisdiction of the United States District Courts over a diversity action by an American citizen against an American air carrier. It was Judge McGohey's view that Article 28(1) was not jurisdictional and dealt with venue only. Other federal cases indicate a similar view. See Dunning v. Pan American World Airways, D.C.D.C., 1954 U.S. & C.Av.R. 70, and Scarf v. Allied Aviation Service Corp. & Trans World Airlines, D.C.S.D.N.Y., 4 Aviation Cases 17,793 and 1956 U.S. & C.Av.R. 28. But see Winsor v. United Airlines, 153 F. Supp. 244 (E.D.N.Y.1957).

On the other hand a few lower court decisions in the State of New York have referred to Article 28 as "jurisdictional". See Galli v. Re-Al Brazilian International Airlines, N.Y.Sup.Ct., Queens County, N.Y.L.J., February 2, 1961, p. 16, 29 Misc.2d 499, 211 N.Y.S.2d 208; Berner v. United Airlines & British Commonwealth Lines, N.Y.Sup.Ct., New York County, 2 Misc.2d 260, 149 N.Y.S.2d 335; Woolf v. Aerovias Guest, S.A., New York City Municipal Ct., Manhattan, 1954 U.S. & C.Av.R. 399. A New Jersey court, in what was plainly dicta, used similar terminology. Tumarkin v. Pan American World Airways, Inc., N.J.Superior Ct., Law Div., Essex County, 1956 U.S. & C. Av.R. 383.

But state court decisions are of little aid on the question presented here. Without reasoned analysis and precise definition reference to Article 28(1) as "jurisdictional" is not persuasive.

■ At least in so far as the claims of American citizens against American carriers are concerned, the Warsaw Convention did not create any new substantive rights. Noel v. Linea Aeropostal Venezolana, 247 F.2d 677 (2 Cir. 1957); Komlos v. Compagnie Nationale Air France, 209 F.2d 436 (2 Cir. 1953), cert. den. 348 U.S. 820, 75 S.Ct. 31, 99 L.Ed. 646. The rules which it lays down are "well within the framework of existing legal rights and remedies." See Wyman v. Pan American Airways, Inc., 181 Misc. 963, 43 N.Y.S.2d 420 (Sup.Ct.N.Y.County, 1943), aff'd 267 App.Div. 947, 48

N.Y.S.2d 459, 293 N.Y. 878, 59 N.E.2d 785; Choy v. Pan American Airways Co., 1941 A.M.C. 483, D.C.S.D.N.Y.

The claim of the plaintiff here against the defendant carrier is not based on the Warsaw Convention but on the tort arising from the defendant carrier's alleged negligence. This court, having in personam jurisdiction over the parties, has jurisdiction over the subject matter of the claim under 28 U.S.C. § 1332(1) by reason of alleged diversity of citizenship coupled with jurisdictional amount. The complaint does not refer to the Warsaw Convention, nor are any such allegations required. It is quite sufficient to make out a claim as it stands.

The limitations imposed by the Warsaw Convention are matters of defense to be raised by defendant. In essence, Article 28 imposes a bar to the maintenance of an action for damages against an air carrier covered by the Convention in any court except in one of four places specifically authorized by the Article. But basically this does not relate to the question of subject matter jurisdiction of the federal courts of the United States regulated by Act of Congress. I cannot conceive that it was the design or effect of Article 28, drafted in contemplation of adherence by many nations with widely divergent systems of jurisprudence and court structure, to deal with questions of technical subject matter jurisdiction within the framework of the federal judicial system of the United States or to impinge upon the jurisdiction conferred by Congress upon the federal courts.

In any event, in so far as Article 28 would operate as a plea in bar to the maintenance of an action for damages against an air carrier, it seems to me to be concerned only with the question of the circumstances under which resort may be had to the national court system of one of the high contracting parties as a forum available to a claimant in which to pursue his remedies. Viewed in this light, once one of the requirements of Article 28 is met, e. g., that the domicile or place of business of the carrier is in the territory of one of the high contracting parties, then a plaintiff seeking damages against a carrier may bring an action in the courts of that high contracting party as permitted by its laws. Since the defendant carrier here has both its domicile and principal place of business in the United States, the action may be brought in the district courts of the United States upon which jurisdiction has been conferred by Congress to hear and determine actions of this nature, i. e., actions for more than $10,000 between citizens of different states. This view of Article 28 brings it into harmony with the federal judicial system while giving it the full meaning and effect which must have been intended by the high contracting parties to the Convention. Cf. Art. 32.

Thus, this court has jurisdiction of the subject matter of the action under 28 U.S.C. § 1332, and the plaintiff is not barred from bringing the action in this district by Article 28. The defendant's motion to dismiss for lack of jurisdiction of the subject matter must therefore be denied.

■ The question remains as to whether Article 28 as a practical matter should also be viewed as a special venue provision governing actions coming under the Warsaw Convention and requiring that venue in such actions be laid in the judicial district where one of the four requirements of the Article is complied with. It is unnecessary here to decide that question or the question of whether or not venue was properly laid in this district under 28 U.S.C. § 1391. Pursuant to Rule 12(h), F.R.Civ.P., defendant by serving its answer has waived its right to object to venue or to move for transfer on the ground of improper venue under 28 U.S.C. § 1406. Its motion for transfer to the District of Minnesota on the ground of improper venue must therefore be denied on that ground alone.

■ Finally, there is defendant's motion to vacate plaintiff's notice to take the oral deposition of the defendant's president in New York. It is apparent

**508**

that the defendant's president has no firsthand knowledge of the facts and circumstances concerning the accident out of which this action arose. All that the plaintiff desires to obtain from him are the names of the crew members who operated the airplane and of the ground crew and the general service and maintenance and practices of the airline. To bring the defendant's president here from Minnesota for the purpose of answering such questions would be unduly burdensome. There is no reason why the plaintiff cannot proceed to take his deposition upon written interrogatories without prejudice to its right to take the depositions of officers or agents of the defendant or of witnesses having knowledge of the facts by oral deposition if that is shown to be appropriate.

Defendant's motions to dismiss or in the alternative to transfer the action to the Minnesota District are denied. Its motion to vacate plaintiff's notice to take the deposition of its president is granted to the limited extent above indicated.

Settle order on notice.