Paul A. Fmo, J.
In these consolidated actions for wrongful death stemming from an airline crash, the defendant S. A. Empresa De Yiacao Airea Bio G-randense (Yarig) moves to dismiss the complaint for lack of jurisdiction of the subject matter. All the parties are nonresidents suing upon an out-of-State tort. The motion turns essentially upon certain terms of the Warsaw Convention (49 U. S. Stat. 3000) and their geographic application.
On November 27,1962, an aircraft manufactured by defendant Boeing Company and operated by defendant Yarig, crashed while attempting a landing at Lima, Peru. The flight originated in Porto Alegre, Brazil, and was to terminate in Los Angeles, California. All the passengers, including the plaintiffs’ decedents (Zoltán Yarkonyi and Edward B. Faulkner) were killed. Varkonyi was a national of Hungary, residing in Brazil at the time of his death. He purchased his airline ticket in Bio de Janeiro, which indicated Bio as the place of departure, Bogota, Colombia, as an intermediate stopping place, and return to Bio as the ultimate destination. Faulkner was a national and resident of Great Britain who purchased his ticket in Buenos Aires, Argentina. The copy of his ticket indicates transportation from Porto Alegre, Brazil, where Faulkner boarded, to Lima, Peru, then to Bogota, Colombia, as part of an over-all routing to and from Buenos Aires. The moving defendant, S. A. Yarig is a Brazilian corporation doing business in New York (the codefendant Yarig Airlines, Inc. is its New York subsidiary), operating regularly scheduled flights into and out of New York City; and the defendant, Boeing Company, is a Delaware corporation doing business in New York.
These actions were commenced in September, 1964. Special Term denied a motion to dismiss the complaints upon the defense of forum non conveniens, finding that, although general policy militates against suits between nonresidents for out-of-State torts, such as here (Bata v. Bata, 304 N. Y. 51), special circumstances were presented which warranted the retention of jurisdiction. The Appellate Division reversed in the exercise of its discretion and dismissed the complaints with leave to renew *609 in a proper jurisdiction. It found that there were absent such special circumstances as would warrant retention of the action. It concluded that the sole reason for maintenance of the action in New York was based upon convenience of the plaintiffs, when the convenience of the court should be the determinative factor. The Court of Appeals reversed unanimously, with one Judge dissenting in part (Varkonyi v. Varig, 22 N Y 2d 333), and directed remission to the Appellate Division to consider and weigh on the one hand the burden on the New York courts and the extent of any hardship to the defendant that prosecution of the suit would entail, and on the other hand, such matters as the unavailability elsewhere of a forum in which the plaintiffs’ interests may otherwise be properly served, as special and unusual circumstances. The Judge who dissented in part did so to the extent that he felt the finding of Special Term should be reinstated.
Thereafter, the defendant brought the instant motion to dismiss on the ground that the court lacks jurisdiction of the subject matter of the action. Concededly, this argument was never raised before, and it clearly may be raised at any stage of the action. (CPLB 3211, subd. [a], par. 2; subd. [e].) The defendants now contend that, since the transportation was international, the plaintiffs ’ claims are governed by the terms of the Warsaw Convention. They rely upon article 28 thereof (49 U. S. Stat. 3020), which defines subject matter jurisdiction, and provides that an action for damages may only be brought either at the (a) place of the domicile of the carrier; (b) principal place of business of the carrier, (c) the place where the contract of transportation was made, or (d) the place of destination. They contend that under the circumstances herein the United States, including New York State, is not one of the designated places.
Until recently the authorities have been more or less evenly divided on the issue as to whether article 28 of the Warsaw Convention relates to venue or subject matter jurisdiction. This question is, of course, crucial in this case.
In early cases, where the notion of venue was first interjected, the question of jurisdiction had already been resolved. One of the places specified by article 28 had already been found in the United States and the issue then to be determined was the proper court within the United States, as a matter of venue. (See Brown v. Compagnie Nationale Air France, 8 Av. Cas. 17, 272 [S. D. N. Y., 1962]; Spencer v. Northwest Orient Airlines, 201 *610 F. Supp. 504 [S. D. N. Y., 1962]; Mason v. British Overseas Airways Corp., 5 Av. Cas. 17, 121 [S. D. N. Y., 1956]; Scarf v. Trans World Airlines, 4 Av. Cas. 17, 795 [S. D. N. Y., 1955]; Eck v. United Arab Airlines, 15 N Y 2d 53 [1964].) Thus, the question of proper venue within the United States only arose in these cases after it had first been determined that the United States was one of the jurisdictions designated in subdivision (1) of article 28 of the Warsaw Convention where the action could be brought.
However, where none of the places required by subdivision (1) of article 28 was in the United States, courts uniformly have found that they have no jurisdiction to entertain the action. (Biggs v. Alitalia-Linee Aeree Italiane, S.p.A., 10 Av. Cas. 18, 354 [E. D. N. Y., 1969]; Khan v. Compagnie Nationale Air France, 9 Av. Cas. 17, 107 [S. D. N. Y., 1964]; Nudo v. Societe Anonyme Belge D’Exploitation de la Navigation Aerienne, 207 F. Supp. 191 [E. D. Pa., 1962]; Bowen v. Port of New York Authority, 8 Av. Cas. 18, 043 [Sup. Ct. N. Y., 1964]; Galli v. Re-Al Brazilian Int. Airlines, 29 Misc 2d 499.)
Even where the courts have found that one of the places required by subdivision (1) of article 28 was in the United States, they nevertheless recognized that subdivision (1) of article 28 pertained to subject matter jurisdiction rather than venue. (Eck v. United Arab Airlines, 360 F. 2d 804 [2d Cir., 1966]; Mertens v. Flying Tiger Line, 341 F. 2d 851 [2d Cir.], cert. den. 382 U. S. 816 [1965].)
In a well-reasoned article, Judicial Jurisdiction Under the Warsaw Convention (29 J. Air Law & Commerce, 205, 226 [1963]) Carl E. B. McHenry, Jr., stated: “Uniform interpretation of Article 28 by the federal courts is imperative. Actually, it is not the ultimate ruling in any of the federal cases which creates an impression of doubt and uncertainty, but rather the obiter dictum which some jurists have felt compelled to include in handing down opinions on this subject.” After reviewing the authorities, the author concluded that the provisions of subdivision (1) of article 28 of the Warsaw Convention are jurisdictional as to the nation in which suits must be brought. In recent decisions since this article, the courts have uniformly found that subdivision (1) of article 28 requires, as a matter of jurisdiction, that one of the designated places must be in the United States. (See Eck v. United Arab Airlines, 360 F. 2d 804 [2d Cir., 1966], supra; Mertens v. Flying Tiger Line, 341 F. 2d 851 cert. den. 382 U. S. 816, supra; Biggs v. Alitalia-Linee *611 Aeree Italiane, S.p.A., 10 Av. Cas. 18, 354 [E. D. N. Y., I960]; Khan v. Compagnie Nationale Air France, 9 Av. Cas. 17, 107 [S. D. N. Y., 1964].)
Recognizing that article 28 is jurisdictional and that under some circumstances United States citizens are denied access to their own courts by reason of article 28 of the Warsaw Convention, the United States Government recently proposed an amendment to article 28 which would add, as an additional jurisdiction, the domicile of the passenger if the carrier does business in that jurisdiction. In proposing this amendment, the United States Government said:
“ Article 28 of the Warsaw Convention provides that suit may be brought by a plaintiff only in the following States;
11 (1) the domicile of the defendant carrier,
<e (2) the principal place of business of the carrier,
“ (3) the place where the ticket was purchased, or
“ (4) the place of destination.
“ However, in the event a U. S. citizen temporarily residing abroad purchases a Rome to New York to Rome ticket on a foreign air carrier which is generally subject to jurisdiction in the courts of the United States, Article 28 would prevent that person from suing the carrier in the United States in aWarsaw case even though such a suit could be brought in the absence of the Convention.
‘ ‘ In other words, in this and certain other cases, the Convention denies citizens and residents of the United States the right to bring suits in the United States courts in cases where actions can be brought under our general laws.
<£ As indicated in paragraph 6 of WD 30, the United States proposed an amendment of Article 28 to permit suit in the State of a domicile or permanent residence of the claimant, if the defendant carrier has a place of business and is subject to jurisdiction in that State.” (ICAO Doc. 8839-LC/158-1, vol. I — Subcommittee of Legal Committee on the question of Revision of the Warsaw Convention, as amd. by the Hague Protocol [1969], pp. 32-33.)
The amendment proposed by the United States has been adopted and incorporated in the Guatemala Protocol amending the Warsaw Convention which was adopted at Guatemala City on March 8, 1971 by several parties to the Warsaw Convention, including the United States. (ICAO W/H Doe. No. 68, p. 8.) The Guatemala Protocol is not yet effective, as ratification procedures by the requisite minimum number of contracting States have not yet been completed.
*612 Nevertheless, the proposal of the United States Government and the reasons given for this proposal are strong indications that article 28 relates to subject matter jurisdiction rather than venue.
Moreover, the balance of weight of authority now clearly has shifted to the holding that article 28 does relate to obtaining jurisdiction of the subject matter of the action rather than venue.
In the recent Second Circuit Court of Appeals ease of Smith v. Canadian Pacific Airways (452 F. 2d 798) the unanimous court reviewed the question carefully and held that the provisions of article 28 of the Warsaw Convention relate to subject matter jurisdiction and if none of the places listed therein is in the United States, the. courts in the United States then lack jurisdiction to entertain the action.
I agree with the analysis made by this court and the decision reached by them, but even if I did not, it appears that this decision would control on the interpretation of the treaty which is a matter of Federal law. Plaintiffs ’ argument that New York State is free to make its own determination as to what cases we have power to entertain is completely without merit in matters involving Federal law or treaties. In United States v. Belmont (301 U. S. 324, 331-332) this question was considered and the Supreme Court held as follows: “In' respect of all international negotiations and compacts, and in respect of our foreign relations generally, state lines disappear. As to such purposes the State of New York does not exist. Within the field of its powers, whatever the United States rightfully undertakes, it necessarily has warrant to consummate. And when judicial authority is invoked in aid of such consummation, state constitutions, state laws, and state policies are irrelevant to the inquiry and decision. It is inconceivable that any of them can be interposed as an obstacle to the effective operation of a federal constitutional power.
Although the main argument raised on this motion by plaintiffs relates to the interpretation of article 28 of the Warsaw Convention, they also argue, in the alternative, that the Convention does not apply to or govern their claims, since the flight in which their decedents were traveling was not between nations which were High Contracting Parties ’ ’ to the treaty. The convention, however, clearly applies to “ international transportation ” a term which is defined to mean: “any transportation in which, according to the contract made by the parties, the place of departure and the place of destination, whether or not there be a break in the transportation or a transshipment, are situated *613 either within the territories of two High Contracting Parties, or within the territory of a single High; Contracting Party, if there is an agreed stopping place within a jterritory subject to the sovereignty, suzerainty, mandate or authority of another power, even though that power is not a party to this convention-” (Art. 1).
Whether the transportation is ‘ ‘ international ’ ’ is determined by the contract of the parties, which in the case of passengers, is the ticket. WJhen the contract of the parties provides for transportation between certain designated termini, the provisions of the Convention automatically apply and exclusively govern the rights and liabilities of the parties. (Block v. Compagnie Nationale Air France, 386 F. 2d 323, 353 [5th Cir., 1967], cert. den. 392 U. S. 905 [1968]; Eck v. United Arab Airlines, 360 F. 2d 804, supra; Mertens v. Flying Tiger Line, 341 F. 2d 851, cert. den. 382 U. S. 816, supra; Grey v. American Airlines, 95 F. Supp. 756 [S. D. N. Y., 1950], affd. 227 F. 2d 282 [2d Cir., 1955], cert. den. 350 U. S. 989 [1956]; Ross v. Pan Amer. Airways, 299 N. Y. 88 [1949]; Biggs v. Alitalia-Linee Aeree Italiane, S.p.A., 10 Av. L. Rep. 18, 354 [E. D. N. Y., 1969].)
According to the passenger ticket of decedent Zoltán Varkonyi, the place of departure and the place of destination was Rio de Janeiro with an agreed stopping place in Bogota, Colombia. Brazil, in which Rio de Janeiro is situated, is a high contracting party to the Warsaw Convention, having adhered to the Convention on May 2,1931. (See Aeronautical Statutes and Related Material, Civil Aeronautics Board, 419 [Rev. June 1, 1970].) Bogota, an agreed stopping place according to Zoltán Varkonyi’s contract of transportation, is “within a territory subject to the sovereignty * * * of another power” (art. 1), namely Colombia, which is in fact also a high contracting party to the Warsaw Convention. (See Aeronautical Statutes and Related Material, Civ. Aeronautics Bd. 419 [Rev. June 1, 1970].)
Porto Alegre, Lima and Bogota, according to Edward B. Faulkner’s contract of transportation,; are agreed stopping places “within a territory subject to thje sovereignty * * ® of another power ” within the meaning oi subdivision (2) of article 1 of the Warsaw Convention, namely Brazil, Peru and Colombia. Additionally, both Brazil and Colombia are high contracting parties to the Warsaw Convention. (See Aeronautical Statutes and Related Material, Civ. Aeronautics Bd. 419 [Rev. June 1,1970].)
Thus, in the case of decedent Zoltán Varkonyi, and in the ease of Edward B. Faulkner, their contracts of transportation with *614 Varig Airlines come precisely within the scope of the term “ international transportation ” employed in the Warsaw Convention.
Thus, inasmuch as these claims arise out of 1 ‘ international transportation ” within the meaning of the Convention, the terms and provisions of the Warsaw Convention govern exclusively the rights of the parties to this action. (See Grey v. American Airlines, 95 F. Supp. 756, affd. 227 F. 2d 282, cert. den. 350 U. S. 989, supra.)
Accordingly, the motion to dismiss is granted, since the court lacks jurisdiction of the subject matter under article 28 of the Warsaw Convention.