Fuchsberg, J.
(dissenting). The dissenting opinion of Mr. Justice Samuel J. Silverman at the Appellate Division, to which I subscribe, makes it obvious that, unless the usage of language is to be distorted, the "destination” of Mrs. Rinck’s *716 flight from Nuremberg, Germany to New York City was New York and not Nuremberg. In common parlance, if the place from which she was coming and the place to which she was going were both Nuremberg, she would not have had to take the flight at all.
I add the following comments:
Subdivision (1) of article 28 of the Warsaw Convention allows suit against a carrier "before the court at the place of destination” (49 US Stat 3000, 3020). The terminus of the flight on which Mrs. Rinck was injured — the only flight she was definitely scheduled to use — was New York. The ticket she bought essentially contained two stubs. One entitled her to passage on a specified flight from Germany to New York. A second, which entitled her to fly from New York to Nuremberg was "open”, that is, it specified no particular flight, date or time. The only reasonable interpretation would be that her "destination” on the trip provided for by the first stub was New York.
The face of the stub for the New York-bound flight, in the place customarily provided for such information, set forth the scheduled times of departure and arrival, the name of the passenger and the class of travel. It was the passenger’s guide to where it would take her. True it is that, in small boxes imprinted at another point on the face of each stub, the words "origin” and "destination” appear and that in each the agent who had completed the stubs had written the word Nuremberg. No other information was contained at that point and nowhere on the stubs, either in the form of Convention text or a summary or explanation thereof, was there anything to alert the passenger to the idea that the effect of this entry would be to contract away her right, in the event she was injured in the course of disembarking in New York, to sue the carrier in that convenient forum where the accident occurred. Under these circumstances she was entitled to assume that the entry in the boxes was either for the air carrier’s statistical or administrative purposes or for some other reason unrelated to the one now imposed upon her (cf. Egan v Kollsman Instruments Corp., 21 NY2d 160, 168-172, cert den sub nom. American Airlines v Egan, 390 US 1039; Lisi v Alitalia—Linee Aeree Italiane, 370 F2d 508, affd 390 US 455 by an equally divided court).
Not to regard New York as a "destination” in this case would be to strain the meaning of that word. The Convention *717 is silent on the definition of "destination” in cases involving open tickets. The courts in other jurisdictions have failed to develop a consensus (compare Aanestad v Air Canada, 390 F Supp 1165, app dsmd 549 F2d 806, with Butz v British Airways, 421 F Supp 127), the United States Government, which negotiated the Convention, is unenthusiastic about this outcome (see Varkonyi v S. A. Empresa de Viacao Airea Rio Grandense, 71 Misc 2d 607, 611), and the cited earlier cases in this State do not deal with the situation where the injury occurred in New York on the final termination of a flight here (see Garcia v Pan Amer. Airways, 269 App Div 287, affd 295 NY 852, cert den 329 US 741; Wyman v Pan Amer. Airways, 181 Misc 963, affd 267 App Div 947, affd 293 NY 878, cert den 324 US 882; Galli v Re-Al Brazilian Int. Airlines, 29 Misc 2d 499). I would therefore reverse the order of the Appellate Division and remit the matter to the Supreme Court, New York County, for trial.
Order affirmed, etc.