DAVID POTTER DUFF, Plaintiff-Appellant, v. VARIG AIRLINES, INC., S.A., Defendant-Appellee.

First District (4th Division)   No. 1—86—2920

Opinion filed June 29, 1989.

David Potter Duff, Ltd., of Oak Park, for appellant.

Peterson, Ross, Schloerb & Seidel, of Chicago, and Condon & Forsyth, of New York, New York (J. Robert Geiman, Daina B. Van Dervort, Michael J. Holland, and George N. Tompkins III, of counsel), for appellee.

JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff, David Potter Duff, appeals from the order of the circuit court of Cook County dismissing his complaint for lack of subject matter jurisdiction, pursuant to article 28(1) of the Convention for the Unification of Certain Rules Relating to International Transportation by Air, commonly known as and hereinafter referred to as the War-

saw Convention (49 U.S.C.A. §1502 *et seq.* (1976)). Defendant, Varig Airlines, Inc., S.A., is a Brazilian corporation. The following issues are raised on appeal: (1) whether the Warsaw Convention is constitutional and (2) whether the trial court properly dismissed plaintiff's complaint for lack of subject matter jurisdiction, pursuant to article 28(1) of the Warsaw Convention.

Plaintiff filed his complaint on March 17, 1986, alleging that Varig was negligent in wrongfully ticketing his flight from Rio de Janeiro, Brazil, to Capetown, South Africa. Plaintiff claims that he was incorrectly advised by defendant of the departure time for his flight; therefore, he was delayed for one week and incurred expenses in the amount of $2,500.

On June 24, 1986, defendant filed a motion to dismiss plaintiff's complaint, claiming that the court lacked subject matter jurisdiction pursuant to article 28(1) of the Warsaw Convention. Plaintiff filed a response to defendant's motion, attacking the constitutionality of the Warsaw Convention. On September 10, 1986, a hearing was held on the motion to dismiss. After reviewing the motion, plaintiff's response, and arguments from each counsel, the trial court granted defendant's motion to dismiss. Plaintiff filed a motion for reconsideration which was denied on October 8, 1986. This appeal followed.

Plaintiff first contends that the Warsaw Convention is unconstitutional. Specifically, he argues that the Warsaw Convention deprives him of his fifth amendment right to due process of law under the United States Constitution in that it restrains his right to travel.

Essentially the Warsaw Convention concerns itself with the liability of air carriers for death and damages suffered by passengers engaged in international travel as defined by article 1(2) of the Warsaw Convention. The United States was not one of the original signatories to the Warsaw Convention; however, it "has declared its adherence to the provisions thereof by a Declaration of Adherence, advised by the Senate, and deposited at Warsaw on July 31, 1934. With congressional implementation it [became effective] for the United States on October 29, 1934." (*Pierre v. Eastern Air Lines, Inc.* (D.C.N.J. 1957), 152 F. Supp. 486, 487.) Article VI of the United States Constitution states:

> "This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of United States, shall be the supreme Law of the Land ***." (U.S. Const., art. VI.)

Article 28(1) of the Warsaw Convention provides:

"An action for damages must be brought, at the option of the plaintiff, in the territory of one of the High Contracting Parties, either before the court of the domicile of the carrier or of his principal place of business, or where he has a place of business through which the contract has been made, or before the court at the place of destination." 49 U.S.C.A. §1502 (1976).

The constitutionality of article 28(1) was considered in *People ex rel. Compagnie Nationale Air France v. Giliberto* (1978), 74 Ill. 2d 90, *cert. denied* (1979), 441 U.S. 932, 60 L. Ed. 2d 660, 99 S. Ct. 2052. *Giliberto* involved the hijacking of an Air France plane departing from Tel Aviv, Israel, on flight to Paris, France, with an intermediate stop at Athens, Greece, where the hijackers boarded. The plane was forced to fly to Entebbe Airport in Uganda where rescue subsequently occurred. Plaintiffs in the trial court action filed a negligence suit against Air France. Air France moved to dismiss the action pursuant to article 28(1) of the Warsaw Convention. The plaintiffs argued that Air France is domiciled in the United States because it conducts a substantial amount of business in the United States and that the Warsaw Convention is unconstitutional to the extent that it might be applicable. The court rejected both arguments. With reference to their constitutional argument, the court stated:

"[I]t appears that the constitutional challenge asserted here rests only on the claim that the circuit court of Cook County, in the plaintiffs' words, '[i]s one of the few forums, perhaps the only one on this planet, where all three defendant airlines carry on business and are subject to process.' From this, the plaintiffs assert, it follows that dismissal of this suit would deprive them of due process of law. The contention does not persuade [us]. It is not unique to article 28(1) that a plaintiff may be unable to sue all defendants in a single action, whether because of lack of personal jurisdiction, venue problems, subject matter limitations on Federal or State court jurisdiction, or the like. The plaintiffs cite no authority for the proposition that such inability amounts to a deprivation of due process." *Giliberto*, 74 Ill. 2d at 108.

Similarly, in the case at bar, plaintiff has failed to cite any authority to support his contention that article 28(1) deprives him of due process of law, specifically his right to travel. Moreover, we find no evidence in the record to substantiate plaintiff's constitutional argument nor does the record provide any factual basis upon which a constitutional argument may be predicated. Therefore, we find no deprivation of plaintiff's due process right to travel by the application of

article 28(1) of the Warsaw Convention.

■ Plaintiff's final contention is that the trial court erred in dismissing his complaint for lack of subject matter jurisdiction pursuant to the Warsaw Convention. Plaintiff argues that his air travel arrangements began and ended in the United States and that Varig has a place of business in the United States through which he purchased his original tickets.

Article 1 of the Warsaw Convention outlines the applicability of the treaty and provides that the "convention shall apply to all international transportation of persons, baggage, or goods performed by aircraft for hire." (Warsaw Convention, art. 1(1), 49 U.S.C.A. §1502 (1976).) "International transportation" is defined as follows:

> "[A]ny transportation in which, according to the contract made by the parties, the place of departure and the place of destination, whether or not there be a break in the transportation ***, are situated either within the territories of two High Contracting Parties, or within the territory of a single High Contracting Party, if there is an agreed stopping place within a territory subject to the sovereignty, suzerainty, mandate or authority or another power, even though that power is not a party to this convention." (Warsaw Convention, art. 1(2), 49 U.S.C.A. §1502 (1976).)

If the passenger's ticket provides for international transportation as defined above, "this is sufficient to invoke the [Warsaw] Convention." (*Eck v. United Arab Airlines, Inc.* (2d Cir. 1966), 360 F.2d 804, 808.) Accordingly, "[w]hen the contract of the parties provide[s] for transportation between certain designated termini, the provisions of the Convention automatically apply and exclusively govern the rights and liabilities of the parties." (*Varkonyi v. S.A. Empresa De Viacao Airea Rio Grandense* (1972), 71 Misc. 2d 607, ___, 336 N.Y.S.2d 193, 199.) Article 19 of the Warsaw Convention provides that a "carrier shall be liable for damages occasioned by delay in the transportation by air of passengers, baggage, or goods." Warsaw Convention, art. 19, 49 U.S.C.A. §1502 (1976).

The tickets produced by plaintiff revealed travel from Rio de Janeiro, Brazil, to Capetown, South Africa, and from Rio de Janeiro to Panama. The departure and destination for one ticket was in Brazil and the departure and destination for the other ticket was in South Africa. Thus, plaintiff's tickets do provide for international travel within the meaning of the Warsaw Convention.

■ Having established the applicability of the Warsaw Convention, we turn specifically to article 28(1), which governs the issue at

bar. Article 28(1) relates to obtaining subject matter jurisdiction of the action. (*Varkonyi v. S.A. Empresa De Viacao Airea Rio Grandense* (1972), 71 Misc. 2d 607, ___, 336 N.Y.S.2d 193, 198.) It "restricts the forums in which damage actions may be brought in order to foreclose the possibility of suit in the courts of a nation that has no substantial connection with an accident, or in courts that lack advanced judicial procedures." (*Eck v. United Arab Airlines, Inc.* (2d Cir. 1966), 360 F.2d 804, 808.) Thus, the instant suit can be maintained only in one of the following forums enumerated in article 28(1): "either before the court of the domicile of the carrier or of his principal place of business, or where he has a place of business through which the contract has been made, or before the court at the place of destination."

"The domicile of the carrier" has been defined as the carrier's place of incorporation. (*Smith v. Canadian Pacific Airways, Ltd.* (2d Cir. 1971), 452 F.2d 798, 802; *Recumar, Inc. v. KLM Royal Dutch Airlines* (S.D.N.Y. 1985), 608 F. Supp. 795, 798.) The court in *Varkonyi* (71 Misc. 2d 607, 336 N.Y.S.2d 193) established that Varig is domiciled in Brazil; therefore, Brazil is also its place of incorporation.

Furthermore, it is well settled that for purposes of article 28(1), an air carrier has only one "principal place of business." (*Smith v. Canadian Pacific Airways, Ltd.* (2d Cir. 1971), 452 F.2d 798, 802 n.13; *Eck v. United Arab Airlines, Inc.* (2d Cir. 1966), 360 F.2d 804, 809 n.9.) Varig's principal place of business is located in Brazil. See *Varkonyi v. S.A. Empresa de Viacao Airea Rio Grandense* (1972), 71 Misc. 2d 607, 336 N.Y.S.2d 193.

The carrier's "place of business through which the contract has been made" is the place where the passenger's ticket was issued. (*Smith*, 452 F.2d 798, 802-03; *Eck*, 360 F.2d 804, 814-15.) The record reveals that plaintiff's tickets were issued by Varig in Rio de Janeiro, Brazil.

The place of "destination" for purposes of article 28(1) is the place of ultimate destination as indicated on the passenger's ticket, and not the destination of a particular flight. *In re Alleged Food Poisoning Incident, March, 1984* (2d Cir. 1985), 770 F.2d 3, 6; *Petrire v. Spantax, S.A.* (2d Cir. 1985), 756 F.2d 263, 265, *cert. denied* (1985), 474 U.S. 846, 88 L. Ed. 2d 112, 106 S. Ct. 136; *Gayda v. LOT Polish Airlines* (2d Cir. 1983), 702 F.2d 424, 425.

Plaintiff argues that he purchased a package of tickets for flights around the world from a travel agent in the United States. He insists that the package of tickets included a Varig airline ticket from Rio de Janeiro, Brazil, to Capetown, South Africa. To the contrary, the only ticket produced at trial by plaintiff showing a flight from Rio de Ja-

neiro to Capetown is a Pan American Airlines ticket issued in Brazil. Thus, the place of plaintiff's destination was Brazil.

Article 28(1) " 'must be considered as absolute and mandatory, on the national level, in the jurisdictional sense, and be given [its] proper status as a treaty obligation of our nation without equivocation.' " (*Smith v. Canadian Pacific Airways, Ltd.* (2d Cir. 1971), 452 F.2d 798, 801, quoting McKenry, *Judicial Jurisdiction Under the Warsaw Convention*, 29 J. Air L. & Com. 205, 217-18 (1963).) Hence, under article 28(1) if none of the places is located in the United States, as is true in the present case, the courts in the United States lack jurisdiction to hear the action.

For the foregoing reasons, the order of the circuit court of Cook County is affirmed.

Affirmed.

LINN and McMORROW, JJ., concur.