**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 91-2897
Summary Calendar

RENTON SWAMINATHAN,

Plaintiff-Appellant,

versus

SWISS AIR TRANSPORT
COMPANY, LTD.,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas

(May 13, 1992)

Before POLITZ, Chief Judge, KING and EMILIO M. GARZA, Circuit
Judges.

POLITZ, Chief Judge:

Renton Swaminathan appeals the district court's dismissal of
his lawsuit for lack of subject matter jurisdiction.  We affirm.


Background

Swaminathan purchased a roundtrip ticket from Swiss Air
Transport Co., Ltd., which routed him from Dakar, Senegal to Geneva

to New York to Geneva and back to Dakar.  The flight departed Dakar on October 29, 1988 and arrived in New York the next day.  No specific return date or return flights are listed on the ticket which simply reflected a purchase of an open return.  Dakar is listed as both the origin and ultimate destination of the flights.

Upon his arrival in New York, Swaminathan allegedly sustained injuries when a metal box fell out of an overhead compartment and struck him.  He filed suit in state court in Texas and Swiss Air removed to federal court, invoking the provisions of the Warsaw Convention.[1]  The district court granted Swiss Air's motion to dismiss for lack of subject matter jurisdiction, Rule 12(b)(1) of the Federal Rules of Civil Procedure.  Swaminathan timely appealed.

## Analysis

Swaminathan's roundtrip flight clearly falls within the provisions[2] of the Warsaw Convention.  Article 28(1) prescribes

---

[1]  Official Title:  "Convention for the Unification of Certain Rules Relating to International Transportation by Air, October 12, 1929."  49 Stat. 3000 (1934), T.S. No. 876, 137 L.N.T.S. 11 reprinted in 49 U.S.C. § 1502 note (1976).

[2]  Article 1(2) of the Warsaw Convention defines "international transportation" as

> any transportation in which, according to the contract made by the parties, the place of departure and the place of destination, whether or not there be a break in the transportation or a transshipment, are situated either within the territories of two High Contracting Parties, or within the territory of a single High Contracting Party, if there is an agreed stopping place within a territory subject to the sovereignty, suzerainty, mandate or authority of another power, even though that power is not a party to this convention.

where an action must be brought.  It states:

> An action for damages must be brought, at the option of the plaintiff, in the territory of one of the High Contracting Parties, either [1] before the court of the domicile of the carrier or [2] of his principal place of business, or [3] where he has a place of business through which the contract has been made, or [4] before the court at the place of destination.

I.    Place of Destination

Swaminathan contends that New York City was the place of destination under Article 28 because he left the specific flight numbers and dates for his return to Dakar open, citing **Aenestad v. Air Canada, Inc.**, 390 F.Supp. 1165 (C.D.Cal. 1975), in support of his argument that when the flight number, time, and class on a return trip from the United States are left open, the place of destination is the city in the United States.  He misperceives the law.  **Aenestad** was squarely rejected 12 years later by the same court in **Lee v. China Airlines**, 669 F.Supp. 979 (C.D.Cal. 1987), which adopted the reasoning of **Butz v. British Airways**, 421 F.Supp. 127 (E.D.Pa. 1976).  We agree with **Lee**.  When a person purchases a roundtrip ticket, there can be but one destination, where the trip originated.  **Lee; In re Alleged Food Poisoning**, 770 F.2d 3 (2d Cir. 1985).  This is true even when the flight number, time, and date on a return trip are left open.

Swaminathan contends that New York City should be the place of destination under Article 28 because it was his intention at the time he purchased the ticket to make New York his final destination

3

and that the only reason he purchased a roundtrip ticket was because it was less expensive. The court in **In Re Air Crash Disaster Near Warsaw, Poland**, 760 F.Supp. 30 (E.D.N.Y. 1991), accepted the proposition that it is the intent of the passenger alone, "and not the intention of the parties as expressed in the contract or otherwise," which determines the "final destination." **Id.** at 32. We reject that absolute proposition as unworkable.

Necessarily a passenger's intent deserves considerable weight when ascertaining the final destination; but this alone cannot be the sole determining factor. Swaminathan entered into a contract with Swiss Air when he purchased the roundtrip ticket. When interpreting the meaning of a contract it is the objective, and not the subjective intent of the parties which controls. When a contract is unambiguous, the instrument alone is taken to express the intent of the parties. **Fuller v. Phillips Petroleum Co.**, 872 F.2d 655 (5th Cir. 1989); **Shelton v. Exxon Corp.**, 921 F.2d 595 (5th Cir. 1991).

The contract before us is unambiguous as to the destination. The ticket clearly has Dakar listed as both the point of origin and the destination. Under the terms of the ticket New York City is merely an intermediate stopping point. The only uncertainty in the ticket is the exact time, date, and flight number of the return to Dakar. We look at the ticket and retain no doubt that Dakar, Senegal is the final destination. **In Re Korean Air Lines Disaster of September 1, 1983**, 664 F.Supp. 1478 (D.C.Cir. 1986); **Lee**; **Petrire v. Spantax, S.A.** 756 F.2d 263 (2d Cir.), <u>cert</u>. <u>denied</u>, 474

4

U.S. 846 (1985).

## II. Principal Place of Business

Next Swaminathan contends that because Swiss Air has an office in New York City that New York City must therefore be its principal place of business. This argument is without merit. Under Article 28 there can be only one principal place of business for an air carrier and this is normally where the air carrier is incorporated. **Wyler v. Korean Air Lines Co., Ltd.**, 928 F.2d 1167 (D.C.Cir. 1991); **Smith v. Canadian Pacific Airways, Ltd.**, 452 F.2d 798 (2d Cir. 1971); **Re Air Disaster Near Cove Neck**, 774 F.Supp. 718 (E.D.N.Y. 1991). Swiss Air is incorporated in Zurich, Switzerland and that is its principal place of business.

## III. Constitutional Arguments

Finally, Swaminathan contends that Article 28(1) of the Warsaw Convention deprives him of his constitutional rights to due process and travel. We are not persuaded. The Warsaw Convention is a treaty entered into by the United States and is the supreme law of the land. U.S. Const. art. VI, cl.2; **Boehringer-Mannheim Diagnostics v. Pan Am World**, 737 F.2d 456 (5th Cir. 1984). The terms of Article 28 consistently have been upheld by our courts. **Lee**; **Smith**; **Duff v. Varig Airlines, Inc.**, 185 Ill.App.3d 992, 542 N.E.2d 69 (1st Dist. 1989); **McCarthy v. East African Airways Corp.**, 13 Av. Cas. (CCH) 17,385 (S.D.N.Y. 1974), aff'd sub nom. **Fay v. East African Airways Corp.**, 517 F.2d 1395 (2d Cir. 1975); **Compagnie**

5

**Nationale Air France v. Giliberto**, 74 Ill.2d 90, 383 N.E.2d 977 (Ill. 1978), <u>cert</u>. <u>denied</u>, 441 U.S. 932 (1979).

A.    Substantive Due Process

Swaminathan contends that Article 28(1) of the Warsaw Convention violates his right to travel.  It is manifest that the limitations imposed by Article 28(1) are not wholly irrational. The primary goal of the Warsaw Convention was to create uniformity in the law regarding international air travel.  **Lee**; **Duff**.  The treaty furthers this goal and, assuming that we would presume to apply a constitutional test, it passes muster.

B.    Procedural Due Process

The final argument is that Article 28(1) of the Warsaw Convention violates Swaminathan's right to due process because he would have no other recourse in this country if jurisdiction is not found under the treaty.  We need say no more than the United States is not the proper forum for this suit.  Article 28(1) informs of the places where suit must be brought -- Senegal and Switzerland.

AFFIRMED.