638 So.2d 108 (1994)
Blanca CORTES, Appellant,
v.
DELTA AIR LINES, INC., a Delaware Corporation, and Avianca, Inc., a New York corporation, Appellees.
No. 93-1978.
District Court of Appeal of Florida, Third District.
May 24, 1994.
Rehearing Denied July 5, 1994.
*109 Joe N. Unger, Ian G. Osur, Miami, for appellant.
Condon & Forsyth and Michael J. Holland and Steven C. Rickman, New York City, Kimbrell & Hamann and Thomas C. Woods and Russell A. Yagel, Miami, Barwick, Dillian & Lambert and Thomas E. Ice, Miami Shores, for appellees.
Before SCHWARTZ, C.J., and HUBBART and COPE, JJ.
SCHWARTZ, Chief Judge.
On January 2, 1991, a sixty-two-year-old infirm lady named Blanca Cortes grew dizzy, fell and was injured on an escalator at the Miami International Airport as she was about to board an Avianca flight to Colombia. Her trip had begun on a Delta flight from Montreal, Canada, where she had purchased a roundtrip ticket, with intermediate stops in Boston, Miami and Colombia. Before her flight from Montreal, she requested and received an assurance of assistance from Delta in boarding and disembarking. Delta, however, did not arrange for a wheelchair or an attendant. As a result, she was forced to walk unaided from the Delta gate to the Avianca counter to check in for the flight to Colombia which was to leave some five hours later. Although she requested similar aid from an Avianca counter employee, both at that time and again a short time before the flight,[1] Avianca also did not provide it. In this damage suit against Delta and Avianca, in which she claimed that she had fallen because both airlines had failed to give her appropriate assistance, the trial judge granted summary judgment for both defendants, which we now affirm.

I.
The case against Avianca was properly dismissed for lack of subject matter or "treaty" jurisdiction under the terms of the Warsaw Convention, text following 49 U.S.C.A. § 1502 (1976). It is clear, because Ms. Cortes's flight was to begin and end in a signatory nation, Canada, with intermediate stops in two others, the United States and Colombia, that she was injured in "international transportation" as defined by article 1(2) of the Convention.[2] Since this is true, the present action for damages "can only be brought subject to the conditions and limits set out in [the] convention." Warsaw Convention art. 24(1). One of those conditions, in turn, is the mandatory requirement of article 28(1) that:
An action for damages must be brought, at the option of the plaintiff, in the territory of one of the High Contracting Parties, either before the court of the domicile of the carrier or of his principal place of business, or where he has a place of business through which the contract has been made, or before the court at the place of destination.
It is undisputed that the United States is neither Avianca's "domicile" nor its "principal place of business"[3]  both of which are Colombia  nor either the "place of business through which the contract [was] made" (where the ticket was sold), or the "place of destination"  both of which are Canada. Dismissal of the action against Avianca was therefore required as a matter of law. Smith v. Canadian Pacific Airways, Ltd., 452 F.2d 798 (2d Cir.1971); accord Swaminathan v. Swiss Air Transport Co., 962 F.2d 387 (5th Cir.1992); In re Alleged Food Poisoning Incident, 770 F.2d 3 (2d Cir.1985); Petrire v. Spantax, S.A., 756 F.2d 263 (2d *110 Cir.1985), cert. denied, 474 U.S. 846, 106 S.Ct. 136, 88 L.Ed.2d 112 (1985); Gayda v. LOT Polish Airlines, 702 F.2d 424 (2d Cir.1983).
Ms. Cortes contends that article 28(1) and indeed the Warsaw Convention as a whole do not apply because, she says, the incident in which she was injured was not an "accident" under article 17 of the Convention.[4] Because it places the liability cart before the jurisdictional horse, we entirely disagree with the underlying premise of this contention. The only function of article 17 is to create a binding presumption of liability for a passenger's injuries when the convention applies and its requirements are met. See In re Air Disaster at Lockerbie, Scotland, 928 F.2d 1267 (2d Cir.1991), cert. denied, ___ U.S. ___, 112 S.Ct. 331, 116 L.Ed.2d 272 (1991). It has nothing to do with the fact that "any action for damages, however founded [e.s.],"[5] art. 24(1), which arises out of "international transportation," art. 1(2), is subject to the requirements of article 28(1). See Swaminathan, 962 F.2d at 387; Benjamins v. British European Airways, 572 F.2d 913 (2d Cir.1978), cert. denied, 439 U.S. 1114, 99 S.Ct. 1016, 59 L.Ed.2d 72 (1979); Smith, 452 F.2d at 798; Eck v. United Arab Airlines, Inc., 360 F.2d 804 (2d Cir.1966); Lee v. China Airlines, Ltd., 669 F. Supp. 979 (C.D.Cal. 1987); Butz v. British Airways, 421 F. Supp. 127 (E.D.Pa. 1976), aff'd, 566 F.2d 1168 (3d Cir.1977); see also In re Mexico City Aircrash, 708 F.2d 400, 412-13 (9th Cir.1983).[6]

II.
For a very different reason,[7] the summary judgment in Delta's favor is likewise affirmed. In our view, its alleged negligence in failing properly to care for Ms. Cortes was, as a matter of law, not a legal cause of her injuries. Delta's responsibilities to her admittedly terminated when she made her way to and checked in at the Avianca counter. The effect of its negligence was therefore clearly superseded by a series of intervening events which included a lengthy period which the plaintiff spent at the airport without incident, and more importantly, Avianca's own "subsequent" negligence in twice  once immediately before the accident  declining to give her the help she needed.[8] See Pope v. Pinkerton-Hays Lumber Co., 120 So.2d 227 (Fla. 1st DCA 1960), cert. denied, 127 So.2d 441 (Fla. 1961); McCray v. Myers, 614 So.2d 587 (Fla. 1st DCA 1993); Hoffman v. Bennett, 477 So.2d 43 (Fla. 3d DCA 1985); Banat v. Armando, 430 So.2d 503 (Fla. 3d DCA 1983), pet. for review denied, 446 So.2d 99 (Fla. 1984). See generally Slavin v. Kay, 108 So.2d 462 (Fla. 1958).
Affirmed.
NOTES
[1] She spent most of the intervening time resting uneventfully in an airport restaurant.
[2] Article 1(2) provides:

"International transportation" shall mean any transportation in which, according to the contract made by the parties, the place of departure and the place of destination, whether or not there be a break in the transportation or a transshipment, are situated either within the territories of two High Contracting Parties, or within the territory of a single High Contracting Party, if there is an agreed stopping place within a territory subject to the sovereignty, suzerainty, mandate or authority of another power, even though that power is not a party to this convention.
[3] Cortes does not dispute that, because this is true of the actual carrier, Avianca, S.A., it is irrelevant that the formal defendant in this case, its wholly owned subsidiary and general agent, Avianca, Inc., is a New York corporation. Pflug v. Egyptair Corp., 961 F.2d 26 (2d Cir.1992); In re Air Disaster Near Cove Neck, New York, 774 F. Supp. 718 (E.D.N.Y. 1991).
[4] Article 17 provides:

The carrier shall be liable for damage sustained in the event of the death or wounding of a passenger or any other bodily injury suffered by a passenger, if the accident which caused the damage so sustained took place on board the aircraft or in the course of any of the operations of embarking or disembarking.
[5] Because of this provision, it is unnecessary to resolve the much mooted question of whether the convention entirely preempts state law damage claims arising in international air transportation. See Eastern Airlines, Inc. v. King, 557 So.2d 574 (Fla. 1990) (declining to rule on issue). Even if it does not, any such claims are also governed by articles 24 and 28. Jack v. Trans World Airlines, Inc., 820 F. Supp. 1218 (N.D.Cal. 1993); Rhymes v. Arrow Air, Inc., 636 F. Supp. 737 (S.D.Fla. 1986).
[6] Perhaps fortunately for the plaintiff, who may wish to rely on the article 17 presumption in any subsequent action against Avianca in a proper forum, we therefore need not say whether she was right in claiming for the sake of the present case, that her injuries were not caused by an accident. But see Gezzi v. British Airways, 991 F.2d 603 (9th Cir.1993); Barratt v. Trinidad & Tobago Airways Corp., 1990 WL 127590, 22 Av. Cas. (CCH) 18,392 (E.D.N.Y. 1990); Curran v. Aer Lingus, 17 Av.Cas. (CCH) 17,560 (S.D.N.Y. 1982).
[7] Since Delta's domicile and principal place of business is the United States, article 28(1) presents no bar to the action against it.
[8] The plaintiff argues that if she had arrived at Avianca in a Delta wheelchair, Avianca would have been more likely to give her one as well. Because, however, the Avianca counter-person rejected Cortes's own specific request for assistance  one which should have been honored  we think it obvious that Delta's conduct would not have made any proximate difference.