645 So.2d 55 (1994)
COMPANIA PANAMENA DE AVIACION, S.A., Petitioner,
v.
The Honorable Norman GERSTEIN, Judge of the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida, Respondent.
COMMERCIAL JET, INC. and Commercial Jet Services, Inc., Petitioners,
v.
The Honorable Norman GERSTEIN, Judge of the Circuit Court of the Eleventh Judicial Circuit, in and for Dade County, Florida, Respondent.
Nos. 94-411, 94-450.
District Court of Appeal of Florida, Third District.
November 2, 1994.
Condon & Forsyth, Marilyn P. O'Mara and Desmond T. Barry, Jr., New York City, Thornton, David, Murray, Davis, Thornton & Screenan, Kathleen O'Connor and John M. Murray, Miami, for petitioners Compania Panamena De Aviacion, S.A.
Anania, Bandklayder & Blackwell and Francis A. Anania, Miami, for petitioners Commercial Jet, Inc. and Commercial Jet Services, Inc.
Hicks, Anderson & Blum and Mark Hicks, Miami, for respondents.
*56 Robert Ginsburg, County Atty. and Roy Wood, Asst. County Atty., for respondent Norman Gerstein.
Before SCHWARTZ, C.J., and NESBITT and LEVY, JJ.
SCHWARTZ, Chief Judge.
We grant the application for writ of prohibition filed by the defendant Compania Panamena De Aviacion, S.A., (COPA) to preclude the maintenance of thirty-two actions for the wrongful death of passengers killed when a COPA flight from Panama City, Panama, to Cali, Colombia, crashed in Panama on June 6, 1992. Because it is undisputed that the passengers in question were involved in "international transportation," as defined by Article 1(2) of the Warsaw Convention, text following 49 U.S.C.A. § 1502 (1976),[1] and the United States is not one of the fora permitted by Article 28(1), the lower court lacks subject matter or "treaty" jurisdiction over the specified claims against the carrier. Cortes v. Delta Air Lines, Inc., 638 So.2d 108 (Fla. 3d DCA 1994), and cases cited.[2]
We reach the opposite conclusion as to the defendants Commercial Jet, Inc. and Commercial Jet Services, Inc. which  allegedly negligently  conducted a "transit check" inspection of the aircraft in Miami while it was on an entirely different COPA flight the day before the accident. The provisions of the Warsaw Convention simply do not apply to these petitioners. See Lee S. Kreindler, Aviation Accident Law § 11.02[7], at 11-34 (1993) ("The Warsaw Convention only limits the liability of air carriers... . [T]here is no question but that it does not limit the liability of ... manufacturers, maintenance companies, airport operators, dispatching companies, air traffic controllers, etc."); Report on the Warsaw Convention as Amended by the Hague Protocol, 26 J.Air L. & Com. 255, 260-61 (1959) ("Since the Convention, by its terms, only limits the liability of the carrier to a passenger or shipper, ... it is obvious that aircraft manufacturers, aircraft component manufacturers ... and independent maintenance organizations cannot claim the limitation of liability available to the carrier."); 1 Stuart S. Speiser & Charles F Krause, Aviation Tort Law § 11:32, at 732 (1978 & Supp. 1993) ("The [Warsaw] System does not apply to any potential tortfeasor exception [sic] the carrier."). Commercial Jet's argument that, in some circumstances, one who does work for the carrier "in furtherance of the contract of carriage," see Julius Young Jewelry Mfr. Co. v. Delta Air Lines, 67 A.D.2d 148, 151, 414 N.Y.S.2d 528, 530 (1979), is entitled to the protection afforded by the Convention misses the mark entirely. This is because Commercial Jet's services were obviously not related to the flight and thus the "contracts of carriage" involved in this case. Compare Mitchell, Shackleton & Co. v. Air Express Int'l, Inc., 704 F. Supp. 524 (S.D.N.Y. 1989) with Reed v. Wiser, 555 F.2d 1079 (2d Cir.1977), cert. denied, 434 U.S. 922, 98 S.Ct. 399, 54 L.Ed.2d 279 (1977); In re Air Disaster at Gander, Newfoundland, 660 F. Supp. 1202 (W.D.Ky. 1987).
Prohibition granted in part, denied in part.
NOTES
[1] Article 1(2) provides as follows:

(2) For the purposes of this convention the expression "international transportation" shall mean any transportation in which, according to the contract made by the parties, the place of departure and the place of destination, whether or not there be a break in the transportation or a transshipment, are situated either within the territories of two High Contracting Parties, or within the territory of a single High Contracting Party, if there is an agreed stopping place within a territory subject to the sovereignty, suzerainty, mandate or authority of another power, even though that power is not a party to this convention. [e.s.]
Thirty-one of the passengers were on a roundtrip from Colombia to Panama to Colombia; the thirty-second victim was on a trip which began in El Salvador and was to end in Colombia with Panama as an intermediate stop. Since both Colombia and El Salvador are signatories to the Warsaw Convention, it does not matter that Panama is not.
[2] Cortes, 638 So.2d at 108, which controls the issue, was decided after the trial judge ruled below.