678 So.2d 387 (1996)
AVIATECA, S.A., formerly known as Empresa Guatemalteca De Aviacion, Petitioner,
v.
The Honorable Ronald M. FRIEDMAN, Judge of the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida, et al., Respondents.
No. 96-1023.
District Court of Appeal of Florida, Third District.
July 3, 1996.
Rehearing Denied September 11, 1996.
Condon & Forsyth and Michael J. Holland, Steven C. Rickman and Judith R. Nemsick, New York City; Thornton, Davis & Murray, Kathleen M. O'Connor and John M. Murray, Miami, for petitioner.
Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin and Joel S. Perwin, Miami; Robert A. Ginsburg and Roy S. Wood, Jr., Miami, for respondents.
*388 Before SCHWARTZ, C.J., and GODERICH and FLETCHER, JJ.
PER CURIAM.
Aviateca, S.A. [Aviateca] petitions this court for a writ of prohibition to prevent the Honorable Ronald M. Friedman from presiding over nine wrongful death cases brought against Aviateca. Specifically, Aviateca alleges that the court lacks subject matter jurisdiction pursuant to Article 28 of the Warsaw Convention. We grant the petition.
Article 28(1) of the Warsaw Convention provides that an action for damages arising out of international air travel must be brought in one of four places: 1) the domicile of the carrier; 2) the principal place of business of the carrier; 3) the carrier's place of business through which the contract of carriage was made; or 4) the place of destination. Sopcak v. Northern Mountain Helicopter Serv., 52 F.3d 817 (9th Cir.1995); Kapar v. Kuwait Airways Corp., 845 F.2d 1100 (D.C.Cir.1988); Smith v. Canadian Pac. Airways, Ltd., 452 F.2d 798 (2d Cir.1971); Cortes v. Delta Air Lines, Inc., 638 So.2d 108 (Fla. 3d DCA 1994). In applying Article 28(1), it is clear that the trial court does not have subject matter jurisdiction over these nine wrongful death cases. First, Aviateca's domicile is not in the United States. Second, Aviateca's principal place of business is not in the United States. Third, the place of business through which each contract was made was not in the United States. Finally, the place of destination was not in the United States. Therefore, since the United States is not one of the four mandatory fora set forth in Article 28 of the Warsaw Convention, we grant the petition for writ of prohibition.
Petition granted.